Winfield Scott v. Texas Central Railroad Company.

Decided April 9, 1910.

**1.—Practice—Peremptory Instruction.**

To authorize a trial court to give a peremptory instruction the evidence must be such that ordinary minds can not differ in the conclusions to be drawn from it. In a suit against a railroad company for failure to promptly furnish cars for the shipment of cattle and for delay in the transportation of the cattle, evidence considered and held to raise issues of fact which should have been submitted to the jury.

**2.—Carrier—Contract to Furnish Cars—Evidence.**

Where the agent or officer of a railroad company promised to furnish cars for the shipment of cattle at a certain time "if it could possibly do so," evidence considered and held to raise an issue for the jury to pass upon whether, in the light of all the circumstances, delay in furnishing the cars had been satisfactorily accounted for.

**3.—Practice—Defense—Evidence Without Pleading.**

A defense not pleaded can not avail a defendant although established by the evidence.

**4.—Same—Affirmance—Improper Evidence.**

When there was testimony, although inadmissible if objected to, of injury to cattle by delay in transportation, the judgment of the trial court in favor of the carrier should not be affirmed on the ground alone that no formal proof on the proper measure of damages had been offered.

Error from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*Stephens & Miller,* for plaintiff in error.

*Scott & Brelsford,* for defendant in error.

CONNER, Chief Justice.—Plaintiff in error instituted this suit to recover damages in the sum of four thousand dollars because of an alleged negligent failure on the part of defendant in error to seasonably furnish cars for a shipment of some 850 three to four year old steers from Albany, Texas, to Dublin and Hico, Texas, and also because of alleged negligence in the transportation of such cattle in the month of November, 1906. After the introduction of the testimony the court peremptorily instructed the jury to find in favor of defendant in error, and a verdict and judgment in accordance with this instruction followed.

We think the court erred as assigned in giving the peremptory

instruction. It is well settled that to authorize the court to take the case from the jury that the evidence must be such that ordinary minds can not differ from the conclusions to be drawn from it, and that it is error to peremptorily instruct the jury for a defendant where there is any evidence tending to establish the facts put in issue by the plaintiff. See Mustain v. Stokes, 90 Texas, 362; Wallace v. Southern Oil Co., 91 Texas, 21; McCartney v. McCartney, 53 S. W., 390; Bowman v. Texas Brewing Co., 17 Texas Civ. App., 446 (43 S. W., 808). Plaintiff in error offered evidence to the effect that on the night of November 21, 1906, the general manager of the defendant in error promised to furnish the cars for the desired shipment at Albany, Texas, by the evening of November 22 "if it could possibly do so," and that there was delay in so furnishing the cars and motive power with which to move the same and load the cattle until the night of the 23d of November, something over twenty-four hours. In view of other evidence as to the distance between Waco and Albany, and as to the location of defendant in error's locomotives we do not think that it can be said as a matter of law that defendant in error was wholly without fault. In other words, we think the evidence such that it should have been left for the jury to say, in the light of all of the circumstances, whether defendant in error's alleged delay in furnishing motive power and cars had been satisfactorily accounted for, particularly in view of the fact that the motive power and other agencies mentioned were exclusively within the control of the railway company. We are also of opinion that inasmuch as plaintiff in error was permitted without objection to testify that a reasonable time for the transportation of the cattle from Albany, Texas, to Hico, Texas, was six hours and that more than double this time was consumed in the journey, it was for the jury to say whether the evidence on this issue in behalf of the company was sufficient to show the exercise of ordinary care.

Defendant in error insists that it was released from all damages prior to the loading of the cattle by the terms of a written contract duly executed by plaintiff in error and unimpeached; and also that there is an entire absence of evidence as to the difference in the market value of the cattle in the condition in which they arrived at Dublin and Hico and the condition in which they should have arrived at these alleged points of destination. As to these suggestions we deem it sufficient to say that a careful search of the record fails to disclose any pleading on the part of defendant in error to support the claim for the release of damages mentioned; besides, there yet remained the issue of negligence in the transportation. Several witnesses testified to the effect that delays and treatment of cattle such as detailed by the witnesses would cause a deterioration in their market value and condition, and plaintiff in error testified in substance that cattle, such as the ones in controversy that were delayed in pens and in transit as these cattle had been, would cause them to decline in weight and flesh and that they could not be put back in the original condition for less than two or three dollars per head. The witness Harrold testified in substance that the cattle in controversy would have been worth two dollars and a half more per head

had they received prompt shipment than they were by reason of delay and treatment received, and this was because it would cost that much more to get them back in the condition they would have been had they received prompt and careful shipment. The witness Brown testified that said cattle would have been worth two dollars per head more had they been handled properly, that is, that in the condition they were described to be in by some of the testimony they were worth two dollars less than they would have been had they been loaded, transported, and delivered with reasonable promptness. The witness Robertson testified to the effect that such treatment of cattle would be to damage them from seventy-five cents to one dollar per head. There was no objection so far as has been called to our attention to any of this testimony, and while it is undoubtedly true that generally the proper measure of damages under the allegations of the plaintiff's petition is the difference in the market value of the cattle in controversy in the condition in which they arrived at Dublin and Hico and the condition in which they should have arrived at these places (see Gulf, C. & S. F. Ry. v. Stanley, 89 Texas, 42; s. c., 29 S. W., 806), nevertheless we think the evidence on the issue of value that we have stated at least tends to show that the delays in pen and in shipment reduced the value of plaintiff in error's cattle in ascertainable amounts in any market, including the markets of Dublin and Hico, if markets they had. In the absence, therefore, of objection to the testimony on the measure of damages, and in the absence of proof of market value, we are of opinion that we should not affirm the judgment on the ground alone that no formal proof of the state of the market, if any, at Dublin and Hico was offered.

It is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*