## SECOND DISTRICT, DECEMBER, 1897.

---

### M. H. Bowman v. Texas Brewing Company.

Delivered December 4, 1897.

**1. Injury to Servant—Obvious Defect in Machinery—Question for Jury.**

Whether or not a crack or flaw in the singletree of a wagon is such an obvious defect as to charge a driver with contributory negligence, precluding recovery for injuries sustained in a runaway caused by the breaking of the clip, is a question for the jury.

**2. Master and Servant—Negligence—Question for Jury.**

The question as to the negligence of the master in failing to inform a servant of the unsafe character of horses furnished to him, and which ran away and injured him when the singletree of the wagon fell, is for the jury.

**3. Issue of Fact—Evidence—Submission to Jury—Power of Judge.**

Where there is any evidence to support the cause or defense pleaded, the issue of fact must be submitted to the jury; and the trial judge can only exercise his power over the verdict by granting a new trial, in case the evidence is insufficient to sustain the verdict.

Error from Grayson. Tried below before Hon. Don A. Bliss.

*C. B. Randell,* for plaintiff in error.—The charge must submit the issue to the jury, where there is any testimony on the point. Brown v. Pridgen, 56 Texas, 127.

*W. R. Sawyers* and *Standifer & Eppstein,* for defendant in error.

HUNTER, Associate Justice.—This suit was brought by appellant on February 7, 1895, to recover damages from appellee for personal

injuries alleged to have been received on account of the broken and defective condition of a wagon and the dangerous character of a pair of horses which, as an employe of appellee, he was required to use and drive in and about the business of delivering beer in the city of Denison from the storage house of appellee to purchasers and consumers.

It was alleged that appellee knew of the defective, broken, and dangerous condition of the wagon, and the dangerous character of the horses, and that appellant did not know thereof. The allegation relating to the horses is as follows: "That both and each of them were then and there easily frightened, excitable, fractious, unsafe, and dangerous to drive for the uses to which they were then and there put," etc.

It seems that appellant was employed by Sanford & Son, who, as the evidence tends to show, were the agents of the appellee brewing company at Denison, Texas, and that they employed him not for themselves but for another. The horses and wagon belonged to appellee, the beer belonged to appellee, and the appellee had a place for storing the beer until sold by Sanford & Son, and when so sold Sanford & Son were to pay to appellee $2 per keg and $8 per barrel for said beer. The court in making out the statement of facts (for the attorneys disagreed) found the above facts to have been proven.

Some of the evidence offered on the subject of agency and excluded by the court did not embody conclusions of the witnesses, but the statement of facts—general in their nature, it is true, but competent nevertheless, subject to cross-examination for more specific details, both as to the facts and as to his knowledge thereof. But as we feel constrained to reverse the judgment on other grounds, the questions can on another trial be put in better form, and the objections thus obviated.

We are of opinion that the court erred in giving the following charge to the jury, which is complained of by appellant: "The testimony introduced before you being insufficient in law to sustain a verdict for the plaintiff, you are instructed to find for defendant." It would be improper in us to discuss the evidence, in view of the fact that another trial before a jury must be had; but we think that there was sufficient evidence on both allegations of negligence to require the court to submit the issues thus raised to the jury.

Mr. Wood, in his work on the Law of Master and Servant, lays down the rule as follows: "In order to excuse the master, it is not enough to show that the servant knew the machinery was defective; it must also be shown that he *knew* or ought to have known *that it was dangerous.*" 2 ed., sec. 365, p. 749.

We think it should have been left to the jury to determine whether the crack or flaw in the iron clip was a real defect or not. The court has no more right to determine that a crack or flaw in an iron clip is an obvious defect, or that it is a defect rendering it dangerous to use the same, than he has to decide any other fact put in issue by the pleadings. It is a question for the jury to decide, and this right to a jury's decision on a

controverted question of fact is guaranteed by the organic law of our· State government, and is inherent in our system of jurisprudence.

If appellant suspected that the crack or flaw was a defect, and that to use it in that condition was dangerous, the jury might have found that his suspicions were removed by the employer, and that he was thus convinced by the employer, either that it was not a real defect, or that it did not render it dangerous to use the wagon. Lasch v. Stratton (Ky.), 42 S. W. Rep., 756. And it was also a question of fact whether an ordinarily prudent man would have considered the flaw or crack to be such a defect as would render the wagon *dangerous* to use under the circumstances.

It also appears that when the defective clip broke and the singletree fell, the horses scared at it, became unmanageable, and ran away, overturning the wagon and injuring the appellant. Whether it· was negligence in the appellee to furnish such horses, without informing appellant of their unsafe character, if he was not so informed (and he alleges that he was not), is a question which the jury ought to be permitted first to pass upon. That they ran away under the circumstances, might of itself be sufficient evidence to sustain a verdict. McCray v. Railway, 34 S. W. Rep., 95; Fitzgerald ·v. Hart, 17 S. W. Rep., 369; Stooksbury v. Swan, 85 Texas, 573; Sackett's Instructions to Juries, 2 ed., secs. 15, 31. At all events, we know of no law which declares that such acts as the appellant's, under the circumstances, constitute negligence per se.

In Stooksbury v. Swan, supra, the lamented Chief Justice Stayton said that article 728, Code of Criminal .Procedure, applied in terms only to criminal procedure, but fairly states the rule applicable to civil cases, and said: "The law provides that 'the jury in all cases are the exclusive judges of the facts proved and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof· of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence.' "

The evidence in this case does not come within the exceptions named. If the jury are "the exclusive judges of the facts proved," a judge has no legal right to invade their exclusive jurisdiction. Their powers, in our system of jurisprudence, are as high, as sacred from invasion, and as well defined as his, and he has no more right to assume the performance of their exclusive functions than they have to arrogate the performance of his. Of course, he may grant a new trial, if in his judgment the evidence does not sustain the verdict, but where there is any evidence to support the cause of action or defense pleaded, the issue of fact must be submitted to the jury. The judge can exercise his power over the verdict, except in the absence of evidence, only by granting a new trial, just as the executive may veto an act of the Legislature, though he may not defeat or obstruct its passage; and so regardful is our law of the rights of the jury and the sanctity of its verdict that only two new trials can be granted by the judge to each party, except where the jury have been

guilty of misconduct or erred in matter of law.   Rev. Stats., art. 1372.

We think the evidence of agency was clearly prima facie sufficient to have sustained a verdict in favor of that alleged fact.

For these reasons, we think the judgment in this case ought to be reversed, and the cause remanded for a new trial; and we so order.

*Reversed and remanded.*

Writ of error dismissed.