E. Eberstadt et al. v. The State of Texas ex rel. J. A. Armistead.

No. 672. Decided May 30, 1898.

1. Removal from Office—Joinder of Defendants.

A proceeding in the name of the State, under Constitution, article 5, section 24, and Revised Statutes, article 3531, can be brought against three defendants jointly, where it is sought thereby to remove them from office for official misconduct as county commissioners in which they necessarily acted together and where the evidence as to each would be the same. (P. 97.)

2. Motion to Direct Verdict—Demurrer to Evidence.

A motion by defendants to direct a verdict in their favor should not be treated as a demurrer to the evidence, and, where the evidence against the party so moving is sufficient but not conclusive, the court, on overruling such motion, should not direct a verdict, but should submit the case to the jury. (Pp. 97, 98.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Marion County.

*L. S. Schluter, J. H. Culberson, R. R. Taylor, T. D. Rowell*, and *George T. Todd*, for appellants.—The Constitution and statute authorizing the removal of certain officers for official misconduct was never intended to permit a joint action thereunder, against two or more officers in one proceeding, but was intended as a proceeding authorized against an individual officer. Const., art. 5, sec. 24; art 15, sec. 7; Sayles' Civ. Stats., art. 3390; Trigg v. State, 49 Texas, 670.

The court erred not only in refusing to instruct the jury as requested

by the defendants, but in construing said request or motion to be a demurrer to the relator's evidence, and in overruling the same, because said motion was not a demurrer to the evidence, and was not so designed or worded. Roddy v. Kingsbury, 5 Texas, 151; Parker v. Leman, 10 Texas, 116; Lea v. Hernandez, 10 Texas, 137; Andrews v. Smithwick, 20 Texas, 111; Mitchell v. DeWitt, 20 Texas, 294; Fitzgerald v. Hart, 17 S. W. Rep., 369.

*Sheppard & Jones* and *Armistead & Prendergast,* for appellee.—Where the defendants were acting jointly and not severally, and where wrong was done by reason of their joint action, then they should be proceeded against jointly.

All the defendants declined to introduce evidence at the close of the relator's testimony, and moved the court to instruct the jury to find a verdict for them. This had the effect to withdraw the question from the jury, and the court had the right to instruct the jury upon the legal effect of the testimony produced by the plaintiff. Railway v. Templeton, 87 Texas, 45.

The defendants having demurred to the evidence and declined to introduce evidence themselves, it was no violation of the Constitution for the court to instruct the jury as to the legal effect of the evidence introduced by plaintiff. 3 Blackstone, 372; Harwood v. Blythe, 32 Texas, 801; Holliman v. Griffin, 37 Texas, 453.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District certified to this court the questions copied hereafter, with a statement of the pleadings and proceedings, of which we make the following summary:

J. A. Armistead, County Judge of Marion County, Texas, instituted this proceeding in the District Court of that county to remove from their respective offices as county commissioners of that county, E. Eberstadt, J. R. Hedges, and J. D. Little. The election and qualification of each of the defendants was properly averred. It was alleged that at the same election John M. Harper was elected to the office of county treasurer of Marion County. The petition charged that the defendants in their official capacity, in the month of December, 1896, conspired together, and with the said John M. Harper, to convert to the use and benefit of the said Harper all the money which was then in his hands and all that might thereafter come into his hands as county treasurer of the said county by means of certain official acts to be done and performed by the defendants acting together as county commissioners. The petition set out the different things which it was charged the defendants had agreed with the said Harper to do officially in order to enable him to convert the said funds to his own use, each act charged requiring for its accomplishment the joint official action of all of the defendants.

The defendants answered by general demurrer, special exceptions, and

a general denial, with a special denial of all the allegations in the petition.

We copy the remainder of the statement and the questions propounded, as follows:

"Upon the close of the evidence of the plaintiff, the defendants, without having offered any evidence, filed the following:

" 'Now come the defendants, after the State had closed its evidence, and move and pray the court to direct the jury to return a verdict for the defendants, (1) because no willful, illegal, or corrupt conduct is shown, or evidence tending to show it; (2) because no conspiracy is shown, or evidence tending to show any conspiracy or combination; (3) because no material issue of fact remains or is shown requiring the action of a jury in this case.'

"Thereupon the plaintiff filed a joinder of issues, after giving the style of the case, etc., reading as follows: 'Now comes the plaintiff by attorneys and joins issue on the demurrer of the defendants to the evidence introduced by the plaintiff, and prays the court to overrule said demurrer.'

"The trial court treated defendants' motion as a demurrer to plaintiff's evidence, and the answer thereto filed by plaintiff as a joinder of issue thereon, and overruled said demurrer of defendants to the evidence, to which defendants excepted. The court thereupon charged the jury, directing a verdict for plaintiff. The jury returned a verdict in accordance with the charge, finding the causes of removal of defendants from office set forth in the petition true in point of fact. Upon this verdict a judgment was rendered removing defendants from office.

"The evidence fairly conduced to prove the allegations contained in the petition, and was sufficient to support a verdict by a jury finding the same to be true. The evidence, however, was not of a conclusive character; and a verdict might have been found for defendants.

"The questions certified, and upon which an answer by the Supreme Court is desired, are:

"1. In a proceeding, of the character above indicated, under article 3531, Revised Statutes, and article 5, section 24, of the State Constitution, in the name of the State, to remove county commissioners from office for official misconduct, can several commissioners be joined in the same action under allegations that they conspired and acted together in the acts complained of and alleged as grounds for removal?

"2. In such proceeding, after the State has introduced its evidence, and the defendants file and present a motion asking the court to peremptorily instruct the jury to return a verdict for the defendants, and the State formally joins issue upon such motion, should the court treat such motion as a demurrer to the evidence? In other words, is the practice of demurring to evidence, as it exists at common law, applicable to our statutory proceedings of removing persons from office for official misconduct?

"3. Would article 5, section 24, of the Constitution, and article 3544,

Revised Statutes, be violated by the court's giving a peremptory instruction against the defendants, under the conditions set forth in question 2, when the evidence is sufficient to sustain the allegations of official misconduct, but is not conclusive and would justify a contrary finding? Can the court, under our Constitution, in a proceeding to remove county commissioners from office for official misconduct, and where the evidence as to the truth of the charges tends to establish them, but is not of a conclusive character, and where a demurrer to the evidence presented by defendants has been overruled, direct a verdict against the defendants?"

We answer the first question in the affirmative. The statement shows that all of the acts charged against the defendants were such as could have been and were performed by each and all of the defendants, and in fact none of the acts could have been accomplished without the concurrence of the three defendants who constituted a majority of the court. High on Ex. Rem., sec. 704; People v. Demill, 15 Mich., 183; Rex v. Foster, 1 Burr., 573; King v. Warlow, 2 M. & S., 75. The same evidence and every part of the proceeding would apply to each and all of the defendants alike. They held offices of the same grade, and together with the county judge and another commissioner constituted the court in which the acts were performed for which they were arraigned. The authorities upon this question are quite meager and unsatisfactory, but we think that the conclusion stated is in accordance with our system of practice and supported by sound reason. We see no reason why the three defendants thus charged with a number of offenses necessarily performed by all should not be joined in a trial in which the evidence would apply to each and all alike.

In answer to the second question, we say that the court should not have treated the motion made by the defendants to peremptorily instruct the jury to find a verdict in their favor as a demurrer to the evidence.

The office of a demurrer to the evidence is to take the case from the jury and submit it to the court upon the admission that the evidence introduced is true, and thus to invoke the judgment of the court upon the sufficiency of that evidence. The jury is discharged from the further consideration of the case, except that in actions for unliquidated damages the court must submit the question of the amount of recovery to the jury. Railway v. Templeton, 87 Texas, 47.

The effect of the motion made by the defendants to instruct the jury to find for them has practically the same effect as a demurrer to the evidence in calling for the opinion of the court on the legal sufficiency of the proof, but it does not have the effect to withdraw the case from the jury. If a motion be overruled the trial must proceed as if it had not been made, and the court can not because the motion has been overruled instruct the jury to find for the plaintiff upon the ground that the motion admitted the truth of the evidence adduced. 2 Thomp. on

Vol. LXXXXII. Supreme—7

Trials, sec. 2270, p. 1624; Harris v. Woody, 9 Mo., 113. The difference between the demurrer to the evidence and the motion to instruct a verdict for the defendant is technical, it is true, but it is still a practical difference, in this, that the defendant does not choose to withdraw his case from the jury and rely upon the testimony already introduced, but exercises his option of calling for the judgment of the court upon the strength of the plaintiff's case, with the privilege in case the decision is against him of proceeding to develop his defense to the plaintiff's action. Instead of moving the court to instruct the jury, the defendants might have presented a written instruction to that effect, and it being refused could have proceeded to introduce their testimony.

We answer the third question in the negative. The court could not instruct the jury to find for the plaintiff upon such a state of the evidence as is given in this question.