## J. P. Daggett v. Sidney Webb & Co.

Decided November 15, 1902.

**1.—Trial—Peremptory Instruction—Conflict of Evidence.**

In an action of damages where the evidence is sharply conflicting, although it may preponderate in favor of one party, it is error for the court to take the case from the jury by a peremptory instruction.

**2.—Landlord and Tenant—Covenant to Return in Good Order—Measure of Damages.**

Where in an action of damages for breach of a covenant to return leased premises in as good state as when received, with the exception of usual wear and tear, the plaintiff's evidence as to his damages was all in regard to the cost of rebuilding the destroyed improvements, with estimates of the difference in value between the same new and in the condition in which the old ones should have been at the end of the lease, which evidence was not objected to, this was sufficient to take the question of damages to the jury, and a peremptory instruction to find for the defendants was error.

Appeal from the District Court of Baylor County. Tried below before Hon. J. A. P. Dickson.

*Holman & Dalton* and *John W. Wray,* for appellant.

*Glasgow & Kenan* and *J. T. Montgomery,* for appellees.

HUNTER, Associate Justice.—This suit was brought by appellant to recover damages from appellees, who were his tenants under a written lease of certain improved lands, with dwelling houses, barns, outhouses, fences and lots, for the term of five years, which lease contained the following covenant: "Said Webb & Co. agree to keep the place in as good shape as it now is, with the exception of usual wear and tear, and deliver the same back to J. P. Daggett in that shape. Witness our hands this 15th day of May, 1895. Sidney Webb & Co.".

Daggett alleged that the premises were in good condition and repair when let to the defendants, and that the same were damaged as follows: One hog pen, worth $43, torn down and destroyed; a hog pasture fence, worth $50, destroyed; a machine shed, worth $37.93, destroyed; a granary shed, worth $74.08, destroyed; a corn bin, worth $82.93, destroyed; a barn, house and granary, worth $367.19, destroyed; a vacant barn lot, worth $22.15, destroyed; a house with shed room and porch, worth $600, burned down and destroyed; one mile of wire fence destroyed, worth $52.50; ranch house damaged in sum of $500; aggregating the sum of $2500. Defendants answered by general denial.

On the trial the plaintiff's evidence tended to establish his claim for damages,—his own testimony and that of a carpenter, who made estimates of what it would cost to restore the destroyed improvements, being to the effect that the damages were about the amount alleged, with $10 deducted from each item for "usual wear and tear," and $50 each from the value of the house and barn as given. The defendants'

evidence was sharply conflicting with the plaintiff's, tending to show that the dilapidation and loss of the buildings and improvements were the result of their age and decayed condition when they received them, and the fire which burned the house was an accident which occurred without any negligence on their part, and that floods came and washed away the hog pens and fences, etc.

The court instructed the jury to find a verdict for the defendants, and this charge is complained of as error. The evidence, as stated, is conflicting, and perhaps it may be conceded that the preponderance is on the side of the defendants, yet the court erred in taking the case from the jury. Bowman v. Brewing Co., 17 Texas Civ. App., 440, 43 S. W. Rep., 808. Appellees' counsel insists, however, that there was no evidence showing the difference in value of the premises before the injuries complained of occurred and afterwards, and for this reason the charge was proper. Appellant's evidence was as to the cost of restoring the improvements destroyed by substituting new ones, with an estimate of difference in value of the same new and in the condition the improvements were, or should have been, at the end of the lease, diminished in value by ordinary wear and tear. This is not the proper rule for estimating the damages in this casee, but, unobjected to, this evidence, we think, tended to prove the difference in value of the premises with the improvements in the condition as received by the lessees, ordinary wear and tear excepted, and the value of the premises at the expiration of the lease without them, which seems now to be the settled rule in cases where the tenant covenants to keep the premises in as good condition as they are when he receives them, ordinary wear and tear excepted, and to so deliver them to the owner or reversioner at the end of the lease. Taylor on Landl. and Ten., 8 ed., sec. 368.

As to the liability of the lessees for buildings and improvements lost or destroyed by fire, flood, or tempest, during the term of the lease, where the tenant has covenanted to repair and to deliver back in as good condition as received, see Id., sections 357, 360, 361, 364, and Miller v. Morris, 55 Texas, 412; but, by this reference we do not mean to indicate that the terms used in the lease under consideration are equivalent to a covenant to repair.

Because of the peremptory instruction given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*