NORA SHUMAKER ET AL. V. MOSES BYRD.

No. 3201.   Decided November 26, 1919.

(216 S. W., 862.)

1.—Pleading—Trespass to Try Title.

Petition in trespass to try title held not subject to general demurrer nor insufficient to support a judgment because alleging that plaintiff was in possession of the premises subsequent to the alleged date of eviction by defendant, the petition as a whole not to be properly so construed.   (P. 147).

2.—Peremptory Charge—Failure to Object on Trial.

Article 1971, Rev. Stats. as amended by Acts of 1913, chap. 59, requiring objections to the charge of the court to be presented before it is delivered to the jury, is not applicable to a peremptory instruction directing a verdict.   Walker v. Haley, 110 Texas, 50, 214 S. W., 295, and Decker v. Kirlicks, 110 Texas, 90, 216 S. W., 385, followed.   (Pp. 147, 148).

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Byrd sued Shumaker and others and recovered judgment. Defendants appealed and on affirmance (203 S. W., 461) obtained writ of error.

H. C. Lindsay, for plaintiffs in error cited Hovey v. Sanders, 174 S. W., 1025; Kirlicks v. Texas Co., 201 S. W., 687; Walker v. Haley, 161 S. W., 559.

J. D. Willis, for appellee.

MR. JUSTICE HAWKINS delivered the opinion of the court.

In this suit of trespass to try title the District Court instructed the jury, peremptorily, in favor of the plaintiff, Byrd, defendant in error here, and upon the verdict rendered judgment against defendants, plaintiffs in error here.   That judgment was affirmed by the Court of Civil Appeals.   203 S. W. Rep., 461.

That appellate court considered and overruled the contention there made by appellants, plaintiffs in error here, to the effect that said charge was erroneous, fundamentally, in that plaintiff's petition alleged that he was in possession of the premises subsequent to the alleged date of eviction.   The gist of said decision upon that point was that, when considered as a whole, plaintiff's petition was good as against a general demurrer, and sufficient to support said judgment of the trial court.

As briefly and correctly stated by the Court of Civil Appeals; "The petition alleges that on *or about* the 23rd day of December, A. D. 1915, the plaintiff was lawfully seized and possessed of the land and premises sued for, and then follows a description of the land, which includes reference to two deeds, one dated December 17, 1915, and the other dated December 18, 1915. The petition then alleges that on the day and year last aforesaid the defendants unlawfully entered upon the premises and ejected the plaintiff therefrom, and unlawfully withholds from him the possession thereof, to his damage in the sum of $500. . . . That your petitioner will further say to the court that said property is being occupied and used by the defendants in a manner reasonably calculated to injure it, damage and destroy the market value thereof, and he fears the defendant will make use of such possession to injure said property.".

The allegations that defendants unlawfully withhold possession from plaintiff, and that said property is being occupied and used by defendants, and that plaintiff fears that defendants will make use of such possession to injure said property, together charge, sufficiently, an eviction of plaintiff subsequent to the date of his alleged possession of said premises on or about the 23rd day of December, 1915. If in the clause of the petition "on the day and year last aforesaid" the word *first* were substituted for "last" the difficulty would vanish, and the evident meaning of the petition as a whole would be unquestionably clear. The petition should be so construed. In holding it sufficient to support said judgment the Court of Civil Appeals did not err.

However, that court did err in declining to consider the several assignments of error which complained of said premptory charge to the jury, upon various grounds: as that it was on the weight of the evidence; that it failed to submit a controverted issue of fact; that it directed a verdict for damages; that it directed the amount of damages to be found; that it directed a finding for improvements, none being in issue; and that plaintiff failed to prove title from the sovereignty of the soil or from any common source. One contention of appellants was that an abstract of title by which, alone, appellee, as plaintiff, undertook to establish an essential link in his chain of title from a common source, is not admissible in evidence; wherefore, appellants contended, plaintiff having so failed to show title in himself, said peremptory charge in his favor constituted fundamental error apparent upon the face of the record.

In refusing to consider said assignments, the Court of Civil Appeals said: "as appellants failed to present any objection to the charge before it was read to the jury, they must be held to have approved the same and waived the objections now urged;" citing International & S. W., Ry. Co. v. Bland, 181 S. W., 504, and Gulf T. & M. Ry. Co. v. Dickey, 108 Texas, 126, 187 S. W. 184.

The writ of error was granted by this court because that holding, construing Article 1971, R. S., as amended by the Act of 1913, Chapter 59, was in conflict with certain decisions of other Courts of Civil Appeals upon that point.

Subsequently, in two cases, this court construed that amended statute contrary to the indicated view of the Court of Civil Appeals in this case, and held, in substance, that the provisions thereof that objections to the charge of the court to the jury "shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived" are not applicable to a peremptory charge; the trial court having already decided that there is no issue to go to the jury. See Walker v. Haley, 110 Texas, 50, 214 S. W., 295, wherein this writer was disqualified, and Decker v. Kirlicks, [110 Texas, 90, 216 S. W., 385] not yet reported, wherein said former decision of this court thereon was cited and followed.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for consideration by it of said unconsidered assignments of error.

*Reversed and remanded to Court of Civil Appeals.*