**WEATHERED et al. v. MEEK et al. (No. 31.)***

(Court of Civil Appeals of Texas. Waco. Dec. 20, 1923. Rehearing Denied Feb. 21, 1924.)

1. Appeal and error ⬱927(7)—Evidence considered favorably to parties against whom verdict was directed.

On appeal from a judgment on a directed verdict, the facts and evidence must be considered in the light most favorable to appellants disregarding all conflicts.

2. Trial ⬱139(3)—Direction of verdict against plaintiffs improper if entitled to any relief against any of defendants.

Where plaintiffs are entitled under any phase of the case made by the evidence to any relief against any of the defendants, it is error for the court to instruct a verdict against them.

3. **Sales** $\Longleftrightarrow$53(1)—**Whether plaintiff purchased truck from third party, or sold truck to defendants on behalf of third party, held for jury.**

In action on notes given for the purchase price of truck, question whether plaintiff purchased truck from third party and resold it to defendants, or whether he was acting for third party in making sale, *held* for jury.

4. **Chattel mortgages** $\Longleftrightarrow$282—**Issues held for jury.**

In action to foreclose purchase-money chattel mortgage, in which plaintiffs' vendor was joined as a party claiming an interest and pleaded that the mortgaged truck was returned to it with the representation that the mortgage had been extinguished, and also pleaded retention of title and title by reason of rescission by mutual agreement, the question whether the vendor had received the mortgagor's notes in payment of the balance of the purchase price due it *held* for the jury.

5. **Chattel mortgages** $\Longleftrightarrow$282—**Whether mortgagees retook mortgaged truck in satisfaction of balance due held for jury.**

In such action, whether plaintiffs took truck back in satisfaction of the debt, or under an agreement to sell it and apply proceeds in satisfaction of unpaid purchase money, or under their mortgage securing payment of notes, *held* for jury.

6. **Chattel mortgages** $\Longleftrightarrow$282—**Issue of agreement with mortgagees' vendor held for jury.**

In such action, plaintiffs having pleaded that the truck was retaken under agreement to resell for enough to pay both plaintiffs and their vendor, but that their vendor had resold it and appropriated the proceeds, the question whether plaintiffs turned the truck over to the vendor in settlement of the amount due, or to be sold for the benefit of both parties, *held* for the jury.

### On Motion for Rehearing.

7. **Appeal and error** $\Longleftrightarrow$694(2)—**Omission from transcript of peremptory instruction held not to preclude review in view of recitals in judgment and bill of exceptions.**

Omission from transcript of peremptory instruction and verdict pursuant thereto does not preclude the court on appeal from considering assignments of error based on the action of court in directing a verdict, where the judgment and the bill of exceptions affirmatively show that the court directed a verdict in view of Rev. St. arts. 1971, 1972, 2113, notwithstanding article 2109.

8. **Judgment** $\Longleftrightarrow$256(1)—**Must be supported by verdict.**

A judgment in a case tried by a jury must be supported by a verdict and must conform thereto and, unless so supported, will be reversed on appeal.

9. **Judgment** $\Longleftrightarrow$279—**Verdict need not, but may, be copied in the judgment.**

A verdict need not be copied in the judgment, but may be so copied, and in such case is evidence that it was recognized and approved by the court.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Suit by Chas. A. Weathered and others against G. A. Meek and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Johnston & Hughes, of Waco, for appellants.

Jake Tirey and Allan McDonnell, both of Waco, for appellees.

GALLAGHER, C. J. Chas. A. Weathered, Jack McLane, and A. L. Mitchell, partners under the firm name of Chas. A. Weathered & Co., appellants herein, brought this suit against G. A. Meek, A. G. Porter, Central Texas Battery Company, a corporation, L. C. Jemison, and L. H. Dotson, appellees herein, in the county court.

The pleadings are voluminous. An abridged statement of the substance only of the same is here made. Appellants sued appellees Meek and Porter on 10 promissory notes for the sum of $25 each, and for foreclosure of a mortgage given by them to secure said notes on one Ford truck. Appellants alleged that the said battery company was claiming a lien on said truck or some interest therein, and that said Jemison and Dotson were also claiming some interest therein.

Appellees Meek and Porter answered that said Meek purchased the mortgaged truck from appellant Weathered for the sum of $750; that he paid $25 cash therefor and, with said Porter as surety, executed and delivered to said Weathered $725 in notes, secured by chattel mortgage on the truck; that they improved the truck by adding accessories and equipment, intending to use the same; that they concluded not to use the same, and so advised said Weathered, and advised him that they would be unable to pay for the same and offered to surrender the same in satisfaction and discharge of said debt and lien; that Weathered accepted such offer, took charge of said truck, and disposed of the same; that the same constituted accord and satisfaction and extinguished the debt and lien sued on. They further pleaded in the alternative that Weathered seized said truck and converted the same to his own use, and that it was of the reasonable value of $765 at the time of such conversion.

Appellee Central Texas Battery Company answered that prior to the transactions involved in this suit it was the owner of said truck; that it sold the same to said Chas. A. Weathered for $600, of which $300 was paid by the delivery to it of a diamond ring; that for the remaining $300 Weathered agreed to execute and deliver to it his promissory note, payable in monthly installments of $25 each, and to secure the same by chat-

---

$\Longleftrightarrow$For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tel mortgage on said truck; that Weathered took possession of said truck and sold the same to Meek and Porter, but failed to execute said notes or mortgage; that thereafter Weathered returned the truck to it and requested it to accept the same in full satisfaction of said purchase money remaining unpaid, and that it accepted the return of said truck to it in satisfaction of such indebtedness; that Weathered, having taken the mortgage on said truck from Meek and Porter, represented and agreed in connection with such return of the truck to them that said mortgage was extinguished and that there was no mortgage thereon at that time; that it accepted the return of the truck relying on such representation and agreement. The battery company further alleged that it retained the title to the said truck until the terms of sale to Weathered were fully complied with; that Weathered never did comply with his agreement to execute and deliver his notes and mortgage on the truck for the remainder of the purchase price and that he never intended to comply therewith, but made such promise and agreement fraudulently to secure possession of the truck; that on such account Weathered never had any title in the truck, and it never parted with its title thereto; that while in possession of said truck Weathered attempted to sell the same to Meek and Porter and secured from them certain notes and a mortgage thereon; that he tried to force it to accept a part of such notes in lieu of his own note and mortgage for the remainder of the purchase money; that it declined to accept such notes of Meek and Porter and demanded a rescission of its sale to Weathered, to which demand Weathered acceded and upon which he returned the truck to it in satisfaction of the purchase money remaining unpaid; that while out of its possession said truck, by reason of declining prices and use and abuse thereof, had greatly depreciated in value and was not worth more than $400 when returned to it. It further pleaded that Weathered took the truck back from Meek and Porter in satisfaction of the notes sued on and in cancellation of the mortgage securing same, and that such mortgage was therefore of no force or effect and could not be foreclosed in this suit.

Appellees Jemison and Dotson answered that they purchased said truck from the battery company in good faith, without notice of the claim of appellants, and that the battery company warranted the title thereto. They prayed for judgment over on such warranty against the battery company in the event of any recovery against them.

Appellants replied to the answers of the several appellees by supplemental petition, and alleged that they first approached the battery company and advised it that they had a purchaser for a truck; that the battery company exhibited the truck involved in this suit, asked $600 for the same, and agreed that appellants might sell the same and retain all over that sum as their commission; that in pursuance of such agreement, appellant sold said truck to Meek and Porter for $750; that the battery company required $300 cash, but accepted in lieu of said amount a diamond ring furnished by appellants; that the battery company knew that said truck was sold to Meek and Porter for $750, and that only $25 was paid in cash by them, and that they had executed their notes for the remaining $725, and that appellants were to retain all but $300 of said notes as commission and in return for said ring; that the $300 of such purchase-money notes, secured by a mortgage on the truck, were delivered to the battery company and accepted by it; that they were acting only as agents for said battery company in said transaction and that the battery company knew all the facts connected therewith and with such knowledge acquiesced therein. Appellants further alleged that Meek and Porter became dissatisfied with said truck and returned the same and asked appellants to sell the same for them; that appellants advised the battery company of said fact, and it consented thereto and urged appellants to sell the truck; that the battery company became impatient at the delay and took possession of said truck for the purpose of selling the same; that it was agreed between appellants and the battery company that whichever sold the truck should sell it for enough to pay all the notes given therefor, and that appellant's notes, as well as the notes belonging to the battery company, were to be discharged out of the proceeds of such sale; that the battery company shortly thereafter sold the truck to one Hill, who in turn sold it to appellees Jemison and Dotson; that the battery company received the proceeds and appropriated the same to its own use, and that appellants did not know the amount received by the battery company; that the truck when taken by the battery company was in better condition and worth more than when said company parted with the same. Appellants prayed for an accounting of the proceeds of said sale and for title and possession of the said diamond ring, or judgment for its value.

The case was tried before a jury. At the close of the evidence the court instructed a verdict for appellees and entered judgment in favor of appellees on the verdict returned by the jury in response to such instruction.

Appellants on the trial introduced in evidence the notes and mortgage sued on. The notes were dated July 21, 1920, and matured one each month thereafter. The mortgage bore the same date and was filed in the office of the county clerk and duly registered on the 28th day of July thereafter. It con-

tained a provision authorizing appellants in certain contingencies, among which was a failure to pay each note as it matured, to enter upon any premises where said truck might be found and remove and sell the same, either at public or private sale, and pay out of the proceeds of such sale all expenses attending the same and apply the remainder of such proceeds to the satisfaction of said indebtedness.

Appellant's testimony showed that Meek and Porter executed $425 in notes direct to them and secured the notes sued on by the mortgage introduced in evidence. Their testimony further showed that Meek and Porter executed a note or notes for the sum of $300 direct to the Central Texas Battery Company and secured the same by a separate mortgage on the truck. Neither such note or notes nor such mortgage were introduced in evidence. According to appellant's evidence, such note or notes and mortgage were delivered to the battery company.

Meek and Porter failed to pay the first note and informed appellants that they could not or would not pay for the truck, and requested appellants to take it back in the satisfaction of the debt. This appellants declined to do and declared their purpose to require full payment of such indebtedness. Later appellants took possession of the truck for the purpose of attempting to sell the same. The exact date when this occurred is not shown, but it was after the maturity of the first note. Appellants did not succeed in effecting a sale and according to their evidence, on account of its being inconvenient to them to longer store the truck took it to the place of business of the battery company for storage and to afford the battery company, as well as themselves, an opportunity to find a purchaser therefor. Shortly after the truck was placed in the custody of the battery company, it applied to Meek and obtained from him a bill of sale and application for transfer of the license. This bill of sale was direct to the battery company and was dated October 16, 1920. According to the evidence of the battery company, it sold the truck to Jemison and Dotson for $250 cash and received and kept the same as its own.

Appellants, in addition to the evidence above recited, introduced evidence tending to sustain the material allegations in their pleadings. Appellee Meek was called as a witness by appellants and on cross-examination testified in support of the allegations made in his answer. The manager of the battery company testified in support of the allegations made in its answer. All this evidence was in the main sharply in conflict with the evidence introduced by appellants. There was evidence raising an issue of fact as to the actual or market value of the truck at the time it was sold to Meek, at the time it was taken possession of by appellants, at the time it was placed in the possession of the battery company, and at the time of the sale to Jemison and Dotson. Neither Jemison nor Dotson testified on the trial and neither of them offered any evidence, unless the evidence introduced by the battery company was offered also in their behalf; said appellees all being represented by the same counsel.

It appears that the appellants sued in this case on only $250 of the notes executed to them by Meek and Porter. Nothing is shown with reference to the other notes aggregating $175 taken payable to them.

[1, 2] The appeal in this case being from an instructed verdict, the facts in evidence must be considered in the light most favorable to appellants, disregarding all conflicts. Charles v. El Paso Electric Ry. Co. (Tex. Com. App.) 254 S. W. 1094. If, when so considered, appellants were entitled, under any phase of the case made by the evidence, to any relief against any of the appellees, it was error for the court to instruct a verdict against them. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; McGown v. Railway, 85 Tex. 289, 292, 293, 20 S. W. 80; Potter v. Wheat, 53 Tex. 401; Eberstadt v. State, 92 Tex. 94, 96, 98, 45 S. W. 1007; Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 474, 480 (writ refused); Bowman v. Texas Brewing Co., 17 Tex. Civ. App. 446, 43 S. W. 808; Daggett v. Webb, 30 Tex. Civ. App. 415, 70 S. W. 457.

We quote from Stooksbury v. Swan, supra, the following:

"In all cases the existence or nonexistence of the facts the evidence tends to prove, if there be conflict, as well as the existence or nonexistence of the fact to be inferred from other facts, must be left to the determination of the jury."

[3-6] The evidence in this case, in our opinion, raised an issue of fact as to whether Weathered purchased the truck and resold it to Meek and Porter, or whether he was acting for the battery company in making such sale; and also whether the battery company, knowing the facts, acquiesced in the payment of the remainder of the purchase price of the truck in note or notes of Meek and Porter, payable to it and secured by separate mortgage on the truck. We think the evidence also raised an issue of fact whether appellants took back the truck in satisfaction of the debt and mortgage, or whether they took it back under an agreement, express or implied, between them and Meek that they should sell it and apply the proceeds in satisfaction of the unpaid purchase money, or whether they took possession of it under the rights conferred upon them by the terms of their mortgage. The evidence also, in our opinion, raised an issue of fact whether appellants turned the truck over to the battery company in settlement of the $300 due the battery company thereon, renouncing all

claim on their part thereto, or whether they placed the same in the possession of the battery company for convenience and to secure its aid in making an advantageous disposition thereof for the benefit of themselves as well as the battery company.

We do not mean to intimate that the issues of fact above recited are all the issues raised by the evidence. A verdict in favor of appellant's contentions would have entitled them to relief appropriate to the facts found and would not have been without support in the evidence.

The court erred in giving a peremptory charge to find for appellees, for which error the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellees in their original brief filed in this case asked this court to affirm the judgment of the trial court without considering the issues raised by appellants in the several propositions of law submitted by them, on the following ground:

"Because all errors are predicated upon an alleged peremptory instruction given by the court, and such instruction and verdict of the jury are wholly omitted from the transcript filed herein."

This request, together with the grounds on which the same was based, was fully considered before the preparation of our original opinion in this case. We did not at that time consider the ground so urged sufficient to deprive appellants of a review of the case on appeal, but we did not state in the opinion that such request was made nor state our reasons for denying the same.

Appellees make our action in denying said request the major issue in their motion for rehearing.

There is nowhere in the record a formal written instruction, signed by the judge and filed by the clerk, directing the jury to return a verdict for defendants. Neither is there a separate paper containing the verdict of the jury, signed by the foreman and filed by the clerk, found in the record. The record does, however, contain the judgment of the court, and said judgment is, in part, as follows:

"Came a jury in said cause of six good and lawful men, to wit, W. C. Harris and five others, who were duly sworn and impaneled by the court to try said cause, and after having heard the pleadings, the evidence and argument of counsel, the court on the 25th day of November, A. D. 1922, said cause having been adjourned to that date, sustained the motion of the defendants for an instructed verdict, and said jury thereafter in open court did make and return their verdict as follows, to wit:

"'We, the jury, find for the defendants.
"'W. C. Harris, Foreman.'

"Which said verdict was received by the court and ordered filed. It is now, therefore, ordered, adjudged and decreed by the court in accordance with and upon the verdict and findings of the jury aforesaid, that the plaintiffs take nothing by their suit against the defendants, and that said defendants go hence without day and recover their costs, for the collection of which let execution issue."

The record also contains bill of exceptions, signed by counsel for appellants, agreed to and signed by counsel for appellees, and approved and ordered filed as a part of the record in the case by the judge. Omitting formal parts, said bill of exceptions begins as follows:

"Before the charge of the court was read or submitted to the jury, and within a reasonable time after same was submitted to counsel for examination, counsel for plaintiffs presented to the court the following objections and exceptions to the court's charge, and objected to the court's peremptorily instructing the jury to return a verdict in favor of the defendants for each of the following reasons, to wit:"

Following the paragraph so quoted, said bill of exceptions contains eight other paragraphs, each objecting to a peremptory charge and urging reasons why the issues of fact involved in the case should be submitted to the jury. These several objections are followed by the affirmative statement: "And the court overruled said objections and exceptions."

[7] We think it appears affirmatively from these recitals in said judgment and bill of exceptions that the court did not submit the issues of fact in this case to the jury, but, on the contrary, that he held that there was no issue to submit to the jury and decided the case himself on the evidence and directed the verdict returned for the defendants by the jury.

We cannot conceive that a court would declare by solemn recital in his judgment that he sustained the defendants' motion for an instructed verdict when such declaration was untrue and when he had in fact submitted the issues to the jury either by special questions or by general charge. Neither can we conceive that the court would allow a bill of exceptions and make the same a part of the record in the case, when such bill was based exclusively upon the giving of a peremptory charge, if such charge had not in fact been given.

Appellants insist that the recitals in the judgment in this case cannot be considered as showing the facts so recited, and cite in support of such insistence the case of Palomas Land & Cattle Co. v. Good (Tex. Civ. App.) 184 S. W. 805. That case involved an appeal from a judgment by default. The jurisdiction of the court over the person of the defendant is essential to the rendition of a valid personal judgment against him. Such jurisdiction can be acquired under our practice only by service of citation in some of the ways prescribed by the statutes. Jurisdiction over the property of a defendant by seizure of

the same under attachment or other like process of the court is essential to a valid judgment subjecting that identical property to the satisfaction of a purely personal demand against the defendant. So in cases of judgments by default, the jurisdiction of the court over the person must be shown affirmatively by the process issued and by the return, showing not only the fact of service, but the manner thereof, and the jurisdiction of the court over property based on a seizure of such property by its process must be shown affirmatively by the proceedings which authorized the issuance of such process, as well as such process itself and the return thereon. Recitals in the judgment of such service of seizure are not sufficient to sustain a judgment by default when it is submitted for review by appeal or writ of error, but the jurisdictional facts must affirmatively appear in the record. Revised Statutes, art. 2109; 23 Cyc. 767; Palomas Land & Cattle Co. v. Good, supra; Pipkin v. Kaufman & Runge, 62 Tex. 545; Burditt v. Howth, 45 Tex. 466, 471; Insurance Co. v. Friedman Bros., 74 Tex. 56; 11 S. W. 1046; Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697. Such recitals, however, are not improper nor entirely without force and effect, but are sufficient to support the validity of such judgment in cases of collateral attack thereon, and in such cases import absolute verity. Burditt v. Howth, supra; Treadway v. Eastburn, 57 Tex. 209; Fitch v. Boyer, 51 Tex. 336, 344; Wheeler v. Ahrenbeak, 54 Tex. 535, 536.

The recitals in the judgment in this case are not about jurisdictional matters. They are about proceedings in course of the trial upon which the court based its judgment. They are solemn declarations of the court concerning the verdict rendered by the jury and the reasons why said verdict was so rendered. We quote, concerning the effect to be give to recitals of this character when contained in judgments, from 23 Cyc. p. 1292, as follows:

"The recitals of a judgment are conclusive evidence in regard to the form of action, the time of bringing the suit, the various proceedings taken in it and the disposition finally made of it."

A similar issue was before our Supreme Court in the case of Railway v. Dickey, 108 Tex. 126, 137, 187 S. W. 184. The issue there under consideration was whether that court could consider objections by a party to a suit to the charge of the court as required by Revised Statutes, art. 1971, in the absence of a bill of exceptions. The state of the record in that case and the holding of the Supreme Court are sufficiently disclosed by the following excerpt from the opinion in that case, the italics being ours:

"We think a filed paper in the cause setting forth the objections, with some due authentication of the fact that they were presented to the court, and before the reading of the charge to the jury, substantially complies with the requirement of amended article 1971. In this case the record distinctly shows what the objections to the general charge were as presented by the attorneys for the defendant, as recited and set forth in a filed paper in the cause; and, as above shown, there is in the record the order or judgment of the court, taken from the minutes of the court and, therefore, necessarily approved by the judge, plainly reciting that the objections to the charge were presented to the court before the reading of the charge to the jury, were duly considered, and were overruled. *We do not think there could be a more reliable authentication of record presented that the objection urged on the appeal to the erroneous paragraph of the general charge above noted was in fact made as required by amended article 1971; and the assignment of error in relation thereto was accordingly entitled to be considered."*

We also cite, in this connection, Graves v. Cameron et al., 77 Tex. 273, 275, 14 S. W. 59, and Haynie v. McAnally (Tex. Civ. App.) 27 S. W. 431, 433, 434, 436.

Article 1971 of the Revised Statutes requires the charge of the court to be in writing, and requires it to be submitted to the parties for objection before it is read to the jury, and provides that all objections not then made and presented to the court shall be considered waived. Article 1972 provides that the charge shall be filed by the clerk and constitute a part of the record in the case. It is true that article 2109 of the Revised Statutes in general terms provides that, except in special cases, the transcript shall contain a full and correct copy of the proceedings had in the case; but article 2113, which enumerates the particular proceedings required to be contained in every transcript, does not include the charge of the court, whether peremptory or general, in such enumeration. There is no statute which declares that a party shall be denied a hearing on appeal because some particular proceeding not enumerated in article 2113 has been, perhaps by inadvertence, omitted from the transcript, notwithstanding that the fact that such proceedings was had may be conclusively shown by the record considered as a whole. It has been several times held by our Supreme Court that a peremptory instruction to the jury to find a particular verdict is not a charge within the meaning of article 1971. Walker v. Haley, 110 Tex. 50, 214 S. W. 295; Shumaker v. Byrd, 110 Tex. 146, 216 S. W. 862; Harlan v. Flooring Co. (Tex. Com. App.) 231 S. W. 348.

We quote from Walker v. Haley, supra, as follows:

"When a court determines upon a peremptory instruction, the ruling decides the cause. It is a determinative decision upon the effect of the evidence. * * *

"The 'charge of the court' with which the act deals, is a charge applying the law to the

facts of the case for the jury's guidance, a charge for that end, and which for supposed errors, may be open to correction. It has no reference to a direction of the verdict, which leaves the jury with no province, and subject, therefore, to no influence from a charge; which is not a 'charge' at all in any true sense, but only the means of giving effect to the sustaining of a demurrer to the evidence; and which, if erroneous at all, is so, not because of any defect in the direction, but because of the court's mistaken view as to the effect of the proof."

We have not been cited to any statute prescribing just how a "determinative decision by the court upon the effect of the evidence" shall be made to appear of record, nor how the exception thereto of a party deeming himself aggrieved thereby shall be preserved. Neither have we been cited to any rule of court dealing specifically with those subjects. The proper procedure in such cases must be deduced from general provisions. We think the principles announced by the Supreme Court in the case of Coalson v. Holmes, 111 Tex. 502, 509, 240 S. W. 896, are applicable in a proper solution of the issue under consideration. In that case the appellate court was called upon to review the action of the trial court in overruling a plea of privilege. There was no bill of exceptions in the record. The action of the trial court in overruling such plea was shown by an order entered on the minutes of the court, which order it appears contained a recital that defendant excepted thereto. The evidence adduced on the hearing of such plea was preserved in the statement of facts. This hearing was had nearly two years before the final trial of the case. It was contended that the action of the trial court could not be reviewed for lack of a bill of exceptions. Such contention was disposed of as follows:

"If the evidence submitted on a plea of privilege be brought before the appellate court in either a bill of exceptions or a statement of facts, we are sure it should be considered. The bill of exceptions is an appropriate means of disclosing proceedings preliminary to the trial of a cause on its merits. But the determination of an issue presented by a plea of privilege may well be regarded as a part of the 'trial' referred to in our statute directing the preparation of a statement of the facts given in evidence on the trial. Mi Palmo v. Slayden & Co., 100 Texas, 15, 92 S. W. 796; Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 360, 4 A. L. R. 613, 207 S. W. 897. So far as concerns the court's order on the plea of privilege and a party's exception thereto, a bill of exceptions would be entirely useless, the proper entry on the minutes definitely disclosing such order and exception. For that reason, no bill would be required where the question of venue was determined on special exception only. Thomson v. Locke, 66 Tex. 386, 1 S. W. 112. Disregarding mere form, it is quite indisputable that defendant in error did not acquiesce in the court's action in overruling his plea. Instead of acquiescing, he was excepting, and he was preparing and preserving everything requisite to avail himself of his exception in the reviewing court.

"It can hardly be said that defendant in error failed to take a bill of exceptions. He preserved in the record all that transpired in the court below when his plea of privilege was heard and sustained, and when it was heard and overruled, in the order on the minutes and in what is termed a statement of facts, both authenticated by the trial judge. Not only does the statement of facts show all the evidence introduced in support of, and against, the plea, and the court's action thereon, but it also shows, by express reference to the order overruling the plea, the exception to the court's ruling as reserved in open court. Therefore, we have in the record all that would be required in a proper bill of exceptions, if we ignore mere form. We should ignore mere form not only in obedience to the dictate of reason but in obedience to the mandate of article 2059 of the Revised Statutes."

There is an analogy between the issue decided by the Supreme Court in that case and the issue here under consideration. If the court's instruction to the jury was in writing, as indicated by the bill of exceptions, and was afterwards filed by the clerk and thus made a part of the record in the case, it should have been copied in the transcript, and its omission therefrom is an irregularity. We think, however, that the record in this case shows conclusively that the court decided the effect of the evidence and directed the jury to return the verdict which was returned and upon which the judgment itself declares it is based. The only thing lacking is the particular language used by the court in telling the jury to return such verdict. The particular language so used is of no importance. The verdict expressed the decision of the court and not the decision of the jury. To hold that appellant shall be denied a hearing on appeal for such irregularity would be to subordinate substance to mere form, which, it is held by the court in Coalson v. Holmes, supra, should not be done.

[8, 9] In cases tried by a jury the judgment must be supported by a verdict and must conform thereto, and such judgment, unless so supported, will be reversed on appeal. Ablowicn v. National Bank, 95 Tex. 429, 67 S. W. 79, 881; Battles v. Barnett (Tex. Civ. App.) 100 S. W. 817. While it is not necessary to copy the verdict of the jury in the judgment, such course is permissible. The fact that a verdict is so copied in the judgment is evidence that it was recognized and approved by the court. McKinnon v. Reliance Lumber Co., 63 Tex. 30, 31, 32.

Appellees' motion for a rehearing is overruled.