(163 App. Div. 279)

FIRST NAT. BANK OF WATERLOO v. STORY et al.. (No. 272–105.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

CORPORATIONS (§ 218*)—BONDS—GUARANTY OF—CONSIDERATION.

Where the stockholders of a corporation entered into a guaranty contract, which under a general provision guaranteed the payment to a bank of any obligation of the corporation, which the bank might purchase, and by a preceding specific provision, taken together with the expressed purpose of the contract, indicated an intention to guarantee the payment of any notes, drafts, etc., taken by the bank for the benefit of the corporation, the specific provision and purpose controlled, and the guarantors were not liable for the payment of bonds of the corporation sold by it to a third party and delivered by him to the bank as security for his own indebtedness, though the bank subsequently, but with knowledge that the corporation was on the verge of bankruptcy, released the third party and took the bonds for his indebtedness, where the corporation was not interested in or benefited by the transaction between the bank and the third party.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 218.*]

Kruse, P. J., dissenting.

Appeal from Trial Term, Seneca County.

Action by the First National Bank of Waterloo against Leonard Story. From a judgment for defendant (140 N. Y. Supp. 31), dismissing the complaint, plaintiff appeals, the action being revived against Helen Story and others as the executors of the will of Leonard Story. Affirmed.

The joint and several bond, executed by six obligors, one of whom was defendants' testator, upon which plaintiff's cause of action is based reads as follows:

"Whereas, the Waterloo Organ Company, a domestic corporation formed under the laws of this state, desires to obtain loans, discounts, credits and other pecuniary accommodations of and from the First National Bank of Waterloo, N. Y.; and whereas, the said bank requires security for such loans and discounts and for all other indebtedness or liability of said company to it; and whereas, the undersigned are interested in said company as stockholders, or otherwise, and are willing to become such security: Now, therefore, for the purpose aforesaid and in consideration of the sum of one dollar to each of us duly paid at the insealing and delivery hereof, and for other good and valid consideration, the receipt of which is hereby acknowledged and confessed, we, the undersigned, do hereby jointly and severally for ourselves, and our and each of our heirs, executors and administrators, guarantee and warrant unto the said bank, its successors and assigns, the prompt payment at maturity of each and all the notes, checks, drafts, bills of exchange, and other obligations in writing of every name and kind, made, signed, drawn, accepted or indorsed by the said Waterloo Organ Company, which the said bank now has, or which it may hereafter have, hold, purchase or obtain within one year from date hereof, but our liabilities hereunder shall not at any time exceed the sum of fifteen thousand dollars ($15,000), and interest thereon.

"And in case default is made in the payment at maturity of any of the above-mentioned obligations, or in the payment of any lawful claim or demand held by said bank against said company, we do hereby jointly and severally covenant, promise and agree to pay the same to the said bank, its successors or assigns upon demand.

---

This instrument is intended to be a full, complete, and perfect security and indemnity to the said bank to the extent and for the time above stated, for any indebtedness or liability of any kind owing by the said company to it from time to time, and to be valid and continuous without other or further notice to us or to any of us.

"In witness whereof," etc.

In view of the full recital. of the facts material in the decision of this appeal, which appears in the opinion of the trial court, it will not be necessary to refer to them further than may be found serviceable for the convenient amplification of the single point upon which the judgment in favor of defendant has been directed.

Argued before KRUSE, P. J., and ROBSON, LAMBERT, and MERRELL, JJ.

W. Smith O'Brien, of Geneva (Bacon & Huff, of Waterloo, of counsel), for appellant.

Charles A. Hawley, of Seneca Falls (George E. Zartman, of Waterloo, of counsel), for respondents.

ROBSON, J. The obligations of the Waterloo Organ Company for the payment of which plaintiff sought to hold defendants under the guaranty bond consist of 15 bonds of the organ company each for the sum of $500, with interest, less certain payments made thereon. These bonds are part of a series of 80 bonds of like tenor, which bear date December 1, 1894, and became due 10 years thereafter. One Kendig, then the owner of the bonds, some time prior to 1901, had put them up as collateral to two notes given by him to plaintiff, and at the time the guaranty bond in question was made the plaintiff held his notes with these bonds as collateral thereto. It does not in any way appear that Kendig's indebtedness to plaintiff was incurred for the benefit of the Waterloo Organ Company, nor that it in any way profited by or was in any way concerned in the transactions out of which the indebtedness arose. July 24, 1901, plaintiff surrendered these notes to Kendig, retaining in payment therefor these bonds which it theretofore had held as collateral security for that indebtedness. With this new arrangement the Waterloo Organ Company, so far as appears, had nothing to do, and was in no way affected by it beyond the fact that the ownership of the bonds was changed from Kendig to plaintiff. The Waterloo Organ Company was adjudged a bankrupt in July, 1902, and but a small fraction of the amount of those bonds has been paid from the bankrupt's estate. As to the balance unpaid thereon the bonds are defaulted. Under these facts the question here to be determined is, Are these defaulted bonds an indebtedness of the Waterloo Organ Company the payment of which was secured to it by this guaranty bond?

It is, of course, true that guaranty or surety bonds, like all contracts, are to be fairly construed so as to effectuate the intent of the parties as it has been expressed in the terms. of the contract. The principles applied in the construction of such contracts have been satisfactorily stated by Martin, J., in Ulster County Savings Inst. v. Young, 161 N. Y. 23, 30, 55 N. E. 483, 484, as follows:

"The liability of a surety is measured by his agreement, and is not to be extended by construction. His contract, however, is to be interpreted by the same rules which are applicable to the construction of other contracts. The extent of his obligation must be determined from the language employed when read in the light of the circumstances surrounding the transaction. Hence, where the question is as to the interpretation and meaning of the language by which a party has bound himself, there is no difference between the contract of a surety and that of a principal or other party sustaining a different relation. It is when the intention of the parties has been thus ascertained that the principle of strictissimi juris applies, and then it is that the courts guard the rights of the surety and protect him against a liability which is not strictly within the terms of his contract."

It is beyond question that these bonds of the Waterloo Organ Company, being an indebtedness of it acquired by plaintiff during the life of the guaranty bond, and, in the payment of which the Waterloo Organ Company has made default, are apparently within the classes of indebtedness payment of which is guaranteed by the general provisions of the guaranty bond. But as has been said by Collin, J.:

"Indeterminate forms of expression inconsistent with the evident design of a contract are to be understood in a sense subservient to the general purposes of the contract. The generality of the words used should be restrained by the particular occasion. * * * Words should not be taken in their broadest import when they are equally appropriate in a sense limited to the object the parties had in view." People ex rel. N. Y. C. & H. R. R. Co. v. Walsh, 211 N. Y. 90, 99, 105 N. E. 136, 139.

We may, therefore, inquire what object the parties had in view, and the purpose sought to be accomplished by the guaranty bond. Naturally we turn to the recital in the instrument for the expressed intention of the parties. The occasion of the obligors giving the bond as there expressed is that the Waterloo Organ Company "desires to obtain loans, discounts and credits and other pecuniary accommodations of and from the First National Bank of Waterloo, N. Y." The purpose of the plaintiff is thus expressed: "Whereas, the said bank (plaintiff) requires security for such loans and discounts and for all other indebtedness or liability of the said company (Waterloo Organ Company) to it." And it is further stated that the obligors, "being interested as stockholders or otherwise are willing to become such security," and agree for "the purpose aforesaid to guarantee and warrant the payment," etc. The manifest purpose of the obligors in giving the bond was that the organ company might secure of the plaintiff loans, credits, and pecuniary accommodations. The purpose of the bank was to get security for such loans and accommodations as it might furnish it, as well as "all other indebtedness or liability of the said company to it." It is to accomplish these purposes that the bond was given; and these purposes, as thereinbefore expressed, are explicitly recognized as the purpose to be served by the guaranty agreement of the obligors. It will be observed that the indebtedness and liability referred to in the second clause of the recital may well be held to apply to indebtedness of the company then held by the plaintiff, of which it appears that it then had a considerable amount. If this expression had been intended to cover such future indebtedness as plaintiff might acquire in other ways than by furnishing such loans and discounts to it as are thereto-

fore recited, then it would naturally be expected that the expression would have been "all other indebtedness or liability, which it now has, or which it may hereafter have, or acquire." Nor is the apparent purpose of the parties to the instrument to be enlarged by the broad general provisions appearing in the charging part of the contract beyond the expression of an agreement to an extent necessary and proper to accomplish the purpose expressed in the recital. As was said by Earl, J., in National Mechanic's Banking Ass'n v. Conkling, 90 N. Y. 116, 120, 42 Am. Rep. 405, note:

"The recital in such bonds, undertaking to express the precise intent of the parties, controls the condition or obligation which follows, and does not allow it any operation more extensive than the recital which is its key, and so it has been held in many cases."

This statement is supported by extensive citation of authorities.

Appellant calls attention to the fact that in the charging part of the bond it is expressed that payment of such "other obligations (of the organ company) in writing of every name and kind" made by the organ company, "which the said bank now has, or which it may hereafter have, hold, purchase or obtain," etc., is expressly guaranteed by the obligors; and it is claimed that the use in that connection of the words "purchase or obtain" clearly exhibits an intention to include within the terms of the guaranty all such written obligations of the organ company as plaintiff might procure during the life of the bond. But this general provision, as well as those following, which are equally comprehensive in general expression, must in like manner be interpreted in the light of the purpose of the parties as therein expressed, and therefore limited to include only such obligations as were obtained by plaintiff in furtherance of or within the natural fulfillment of that purpose. As so interpreted, we see no contradiction in the terms of the bond, and effect is given to every part thereof.

Judgment affirmed, with costs. All concur, except

KRUSE, P. J. (dissenting). I think the contract of guaranty covers the bonds in suit. It covers all obligations of the Waterloo Organ Company, which, in the language of the contract:

"The said bank now has, or which it may hereafter have, hold, purchase or obtain within one year from the date hereof"

—and the only limitation upon that liability is that it shall not exceed the sum of $15,000 and interest thereon.

After the joint and several covenants and promise made by the guarantors to pay to the bank the obligation in case of default, the contract of guaranty concludes with the following statement:

"This instrument is intended to be a full, complete, and perfect security and indemnity to the said bank to the extent and for the time above stated, for any indebtedness or liability of any kind owing by the said company to it from time to time, and to be valid and continuous without other or further notice, to us or to any of us."

Assuming that the sole purpose of the stockholders of the Waterloo Organ Company in making this contract of guaranty was to obtain loans, discounts, and credits and other pecuniary accommodations from

the bank, it is clear that the recital in the bond that in order to obtain such accommodations the bank not only required security for the loans and discounts, but for all other indebtedness or liability of the company which it might purchase or obtain within the time and limitation therein stated.

Furthermore, it was important to the stockholders as well as the bank, that the general credit and financial standing of the organ company should be maintained. While the contract did not require the bank to take care of these outstanding obligations, I think it was contemplated that it might do so, and in considering this circumstance, the situation must be viewed as it was when the contract was made and not when the bonds were acquired.

To hold that these bonds are not covered by the contract of guaranty does violence to the plain language of the contract, as it seems to me. Upon the first trial there was an express finding that the bonds were covered by the contract, and this court explicitly so stated in its opinion, that the bonds were so covered. First Nat. Bank v. Story, 131 App. Div. 472, 474, 115 N. Y. Supp. 421. Although there was a reversal in the Court of Appeals (First Nat. Bank v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. [N. S.] 154, 21 Ann. Cas. 542), there is no suggestion to the contrary in its opinion. The reversal was upon another ground.

I think the judgment should be reversed, and judgment directed for the plaintiff.