COOPER GROCERY CO. v. FERGUSON & HOLLAND et al. (No. 1823.)

(Court of Civil Appeals of Texas. Texarkana. July 12, 1917. Rehearing Denied Oct. 4, 1917.)

1. GUARANTY ⟨key⟩36(2)—CONSTRUCTION—LIABILITY.

An instrument by which one party guaranteed to plaintiff, "unconditionally, the payment of any indebtedness" of defendant to plaintiff, "not exceeding $4,000, and any indebtedness created this day or hereafter," made the guarantor liable for the entire debt, whenever created, in case of the principal's bankruptcy.

2. GUARANTY ⟨key⟩91—LIABILITY—EVIDENCE.

The guarantee made out prima facie case by showing the guaranty, the bankruptcy of the principal, the purchase of the principal's accounts from the trustee, and the credit of its claim in the amount bid for such accounts.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by the Cooper Grocery Company against Ferguson & Holland and C. L. Hardison. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. L. Eason, of Waco, for appellant. S. E. Stratton, of Waco, for appellees.

HODGES, J. The Cooper Grocery Company, a corporation, sued Ferguson & Holland and C. L. Hardison to recover the balance due upon four promissory notes theretofore executed by Ferguson & Holland, the payment of which to the extent of $4,000 had been guaranteed by Hardison. Ferguson & Holland were discharged upon their plea and proof of bankruptcy. The claim of liability on the part of Hardison was based upon a contract of guaranty. The evidence shows that Ferguson & Holland during the year 1913 were merchants owning a stock of goods amounting to $10,000 or more. Among their creditors was the appellant, Cooper Grocery Company, to whom they owed the sum of $4,000 due the latter part of January and the first of February, 1914. C. L. Hardison was desirous of purchasing that stock of goods in bulk, and for some time conducted negotiations with the Cooper Grocery Company for the purpose of securing its consent to such purchase and a waiver of whatever rights it might have against the stock of goods under the bulk sale statute. On the 27th day of January, 1914, those negotiations culminated in an agreement by which the appellant consented to extend the indebtedness due it from Ferguson & Holland if Hardison would guarantee the payment of the debt at maturity. Accordingly, on that date Ferguson & Holland executed four promissory notes aggregating $4,000, by which they promised to pay that amount of money on the dates stipulated in the notes, together with interest and attorney's fees. On the same date the appellee Hardison executed and delivered to the Cooper Grocery Company the following written contract of guaranty:

"In consideration of the sale of any kind of merchandise by the Cooper Grocery Company to Ferguson & Holland, I, we, or either of us, hereby guarantee to them and their assigns, unconditionally, the payment of any indebtedness of said Ferguson & Holland to the said the Cooper Grocery Company, now residing and doing business in the city of Waco, county of McLennan, state of Texas, not exceeding the sum of four thousand no/100 dollars, and any indebtedness created on this day or hereafter until notice in writing, and I, we, or either of us, consent to any extension of payment made, or hereafter made, and waive notice thereof, and waive the necessity of protest, notice and suit in all cases between said parties, and consent that the form of said indebtedness may be changed from account to note, bill, or other commercial paper; and I, we, or either of us, agree to pay interest at the rate of ten per cent. per annum from date agreed upon by said purchasers, and ten per cent. attorney's fees, if said debt is placed in the hands of an attorney for collection; and I, we, or either of us, further guarantee that said indebtedness shall be paid in Waco, McLennan county, Texas."

At the conclusion of the evidence in the trial below, the appellee Hardison filed a motion asking that a peremptory instruction be given in his favor. The motion was granted, the instruction given, and from the verdict and judgment entered thereon the Cooper Grocery Company has prosecuted this appeal.

[1] There are several assignments presented in appellant's brief, complaining, in different forms, of the action of the court in giving the peremptory instruction. While the appellee pleaded a number of different defenses, the principal contention urged in this appeal in support of the court's ruling is: First, that the contract heretofore set out does not include within its terms any indebtedness of Ferguson & Holland existing prior to the date of its execution; and second, that the state of the evidence was such that no judgment could have been rendered in favor of the Cooper Grocery Company for any definite sum. An examination of the contract of guaranty shows that it is broad enough in terms to include debts of Ferguson & Holland theretofore existing. The contract, after stating, "I, we, or either of us, hereby guarantee to them and their assigns, unconditionally, the payment of any indebtedness of said Ferguson & Holland to the said

the Cooper Grocery Company, * * * not exceeding the sum of four thousand no/100 dollars," adds the following: "And any indebtedness created on this day or hereafter until notice in writing," etc. The language last quoted expressly included contemporaneous and future debts. That which precedes was manifestly intended to include pre-existing debts. Moreover, testimony admitted without objection tended to show that the principal, if not the sole, object in taking this contract of guaranty, was to secure indebtedness of Ferguson & Holland then existing. In consideration of its execution, Hardison was permitted to purchase, free from liability, a stock of goods to which the appellant might have resorted for satisfaction of its debt against Ferguson & Holland.

[2] It appears that Ferguson & Holland assigned to the appellant as collateral security a number of notes and accounts, with the understanding that whatever amounts were collected on them should be applied as credits on their indebtedness to the appellant. After Ferguson & Holland had filed their voluntary petition in bankruptcy, the appellant, in order to share in the dividends resulting from the administration of the bankrupt estate, surrendered those collateral notes and accounts to the trustee in bankruptcy. They were subsequently sold by the trustee at public auction, and both Hardison and the appellant were bidders at that sale. Appellant's bid, however, being the highest, the notes and accounts were sold to it for $1,000, and that amount was credited on the notes of Ferguson & Holland. This sum, with some collections previously made, constituted all of the credits to which the appellee was entitled. While the evidence as to the exact amount of those collections is not as clear as it might have been, it was sufficiently specific to support a judgment for a definite sum. We therefore conclude that the appellant made out at least a prima facie case to recover in the court below, and that the peremptory charge to return a verdict for the defendant should not have been given.

Appellant insists that if the case is reversed judgment should here be rendered in its favor for the amount of the notes, together with interest and attorney's fees, less the credits shown. But under the rule laid down by our Supreme Court in Eberstadt v. State, 92 Tex. 94, 45 S. W. 1007, we think the proper disposition of the case is to remand it for another trial. It is our duty to require the court below to do upon another trial what it should have done upon that trial; that is, to submit the issues of fact to the jury after hearing all of the evidence which the parties were entitled to introduce. The court should have overruled the motion to give the peremptory instruction, and in

that event the defendant below would have been entitled to offer such evidence as was available for the purpose of presenting his defenses. We are of the opinion that he has not lost that right by the action of the court in sustaining his motion and necessitating an appeal to this court.

The judgment will therefore be reversed, and the cause remanded for another trial.