## THOMSON v. COLLINS. (No. 120.)

(Court of Civil Appeals of Texas. Waco. Dec. 4, 1924. Rehearing Denied Jan. 8, 1925.)

1. **Guaranty** ⬧27—**Contract fairly construed according to intent of parties.**

Guaranty contracts should be reasonably and fairly construed according to intent of parties in same manner as other contracts are construed.

2. **Guaranty** ⬧27 — **Guaranty contract construed to give effect to intention.**

Guaranty contracts should be construed so as neither to enlarge words of guaranty beyond their natural import in favor of creditor nor restrict them in aid of guarantor, but to give effect to intention of parties, and carry out rather than defeat their purpose.

3. **Evidence** ⬧461(1)—**Evidence admissible to show intent, where contract is ambiguous.**

Where contract is ambiguous, testimony may be offered showing intention of parties.

4. **Guaranty** ⬧27—**Contract construed to refer to future transactions, unless contrary appears.**

Guaranty contracts usually refer only to future transactions, and, where language thereof does not refer to past indebtedness, and no testimony is offered to show that contract covered it, it should be construed to embrace only future obligations.

5. **Guaranty** ⬧37—**Contract held not to guarantee payment of obligations existing at time of execution.**

Contract guaranteeing C. from loss in purchasing or discounting notes of N., and prompt payment of all liabilities and obligations due by N. to C. growing out of purchase of notes from N., *held* not to guarantee payment of obligations existing at time of its execution.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Frank W. Collins against F. L. Thomson and others. Judgment for plaintiff, and defendant named appeals. Reversed and rendered.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellee.

BARCUS, J. This cause is presented here as an agreed case under the statutes. The only question involved is the construction to be placed on a guaranty contract signed by appellant and Harry L. Miller as sureties, the material parts of same being as follows:

"August 29, 1921.

"In consideration of Commercial Investment Trust purchasing or discounting notes and/or extending the privileges of receiving cars on its floor plan to Nash-South Texas Motor Company, hereinafter called the dealer, at our request hereby made, the undersigned hereby jointly and severally guarantee prompt and faithful payment and discharge by said dealer of all liabilities and obligations on his part to Commercial Investment Trust, its successors and assigns, growing out of purchasing notes from said dealer or extending to him the privileges of the floor plan, together with all costs, expenses, and attorney's fees incurred by Commercial Investment Trust in enforcing any such liability or obligation of said dealer, and do subordinate to the payment of any sums now or hereafter due Commercial Investment Trust from said dealer, any sums now or hereafter due to each of us from said dealer, and do assign to Commercial Investment Trust any sums now or hereafter due each of us from said dealer to assure the payment and performance by said dealer of all sums and obligations now and hereafter due to Commercial Investment Trust from said dealer."

On July 25, 1921, before the above contract was executed, the Nash-South Texas Motor Company had sold an automobile to F. W. Koch, and taken in payment therefor his note for $1,218, payable in monthly installments of $101.50 each, the first payment due August 25, 1921, and monthly thereafter, said note being secured by a chattel mortgage on the car so sold. Said note was immediately sold and transferred to Commercial Investment Trust and its payment guaranteed by Nash-South Texas Motor Company. The first two payments on said note were paid when due. The last ten payments have not been paid, and this suit was brought on the note by Frank W. Collins, to whom the note had been sold by Commercial Investment Trust, against F. W. Koch as principal,

---

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the Nash-South Texas Motor Company as guarantor and appellant, F. L. Thomson, and Harry L. Miller on the above guaranty contract.

The trial court rendered judgment for appellee against Koch as principal and the other parties as indorser and guarantors. Appellee, F. L. Thomson, alone appeals. The only question involved is, Does the guaranty contract obligate and bind appellant to pay the obligations that the Nash-South Texas Motor Company owed or were obligated to pay the Commercial Investment Trust at the time the contract of guaranty was entered into, or does it apply only to future obligations due by Nash-South Texas Motor Company to the Commercial Investment Trust?

[1, 2] The general rule is that a guaranty contract shall receive a reasonable construction and be fairly construed according to the intent of the parties, in the same manner as other contracts are construed. Guaranty contracts should be construed in such manner as to neither enlarge the words of the guaranty beyond their natural import in favor of the creditor nor restrict them in aid of the guarantor, but should be construed so as to give effect to the intention of the parties thereto and to carry out rather than defeat the purpose for which it was executed. 12 R. C. L. 1074; 14 Am. & Eng. Ency. (2d Ed.) 1143; 28 Corpus Juris, p. 930; Utica City National Bank v. Gunn, 169 App. Div. 295, 154 N. Y. S. 705; First National Bank of Waterloo v. Story, 163 App. Div. 279, 148 N. Y. S. 886; Cooper Grocery Co. v. Eppler (Tex. Civ. App.) 204 S. W. 338.

[3, 4] The difficult question is to determine the intention of the parties and the meaning of the contract. Where the contract is ambiguous, testimony may be offered showing the intention of the parties. Cooper Gro. Co. v. Ferguson (Tex. Civ. App.) 198 S. W. 625. In this case no testimony was offered, and there is nothing before this court except the contract to be construed from its language. In the determination of the meaning of contracts, very little help is obtained from the decision of other contracts, because contracts differ in their verbiage. A guaranty contract usually refers only to future transactions. 28 C. J. 948–950. As a rule, where a guaranty contract does not in plain language refer to past indebtedness, and no testimony is offered to show that the contract was intended to cover past indebtedness, it should be construed to embrace only future obligations. Deseret Nat. Bank v. Dinwoodey, 17 Utah, 43, 53 P. 215; Drake v. Sherman, 179 Ill. 362, 53 N. E. 628; Pease Piano Co. v. Matthews, 5 Kan. App. 370, 48 P. 449; National Bank of Commerce v. Rockefeller, 174 F. 22, 98 C. C. A. 8; Foerderer v. Moors, 91 F. 476, 33 C. C. A. 641.

[5] There is nothing in the record to show who wrote the contract. The contract guarantees the Commercial Investment Trust from loss in purchasing or discounting the notes of Nash-South Texas Motor Company, and guarantees the prompt payment of all liabilities and obligations due by the Nash-South Texas Motor Company to Commercial Investment Trust growing out of purchasing notes from said Motor Company. From this language it could not be said that the parties intended that the guaranty contract obligated the parties to pay the debts and obligations which had already accrued by reason of the purchase of notes by the Commercial Investment Trust from the Nash-South Texas Motor Company. There is nothing in the record to show how long the motor company had been in business, nor how much paper it had at that time sold and transferred to the Commercial Investment Trust, and nothing to indicate that the parties signing the guaranty contract intended to in any way obligate themselves to pay for any obligation which the Nash-South Texas Motor Company owed or were obligated to pay to the Commercial Investment Trust. The guaranty contract copied above does provide that the guarantors on said contract do agree to "subordinate to the payment of any sums now or hereafter due Commercial Investment Trust from said dealer (Nash-South Texas Motor Company) any sums now or hereafter due to each of us from said dealer, and do assign to Commercial Investment Trust any sum now or hereafter due each of us from said dealer, to secure the payment * * * of all sums and obligations now and hereafter due to the Commercial Investment Trust from said dealer."

The guaranty contract is signed by Harry L. Miller, who was the president of the Nash-South Texas Motor Company. It is not shown what relationship, if any, appellant had to said motor company. To our mind, the clause last above quoted indicates the intention of the parties to the guaranty contract to be that the guarantors would not guarantee payment of the obligations which were at that time due the Commercial Investment Trust by the Nash-South Texas Motor Company, but that they were willing that the money then due or that might become due them by the Nash-South Texas Motor Company could be used by the Nash-South Texas Motor Company to pay any such debts. The contract as a whole, in our opinion, does not obligate or bind the guarantors to pay the debts or obligations that were due the Commercial Investment Trust by Nash-South Texas Motor Company at the time the guaranty contract was executed. The judgment of the trial court, in so far as it affects appellant F. L. Thomson, is reversed, and here rendered for appellant. The other parties to the judgment have not appealed, and the judgment as to them is not disturbed.

Reversed and rendered.