DAVID et al. v. FORT WORTH MUT. BENEV. ASS'N. (No. 529.)

Court of Civil Appeals of Texas. Waco. May 26, 1927.

1. Contracts ⊗═147(1), 154—Contracts must be given reasonable construction and construed according to parties' intent.

All contracts should be given a reasonable construction and construed according to the intent of the parties.

2. Insurance ⊗═146(3)—Ambiguous insurance contract is construed against insurance company.

A contract of insurance will be construed most strongly against the insurance company whenever it is capable of two constructions.

3. Insurance ⊗═146(1)—Insurance policy should be construed in its entirety.

Insurance policy should be construed with consideration given to the policy as a whole.

4. Insurance ⊗═455—A disease may be contracted accidentally, within meaning of accident policy.

A disease may be contracted from accidental means, within meaning of accident policy.

5. Insurance ⊗═787—Accident certificate held not to cover permanent disability caused by disease not attributable to accident or accidental means.

Certificate of fraternal benefit society, providing for indemnity for injury or disease caused by accidental means, held not to cover total and permanent disability to insured wholly caused from disease not caused from any accident or accidental means.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Mrs. Mary David and husband against the Fort Worth Mutual Benevolent Association. Judgment for defendant, and plaintiffs appeal. Affirmed.

Woods & Morrow, of Kaufman, for appellants.

Marvin Roberson, of Fort Worth, for appellee.

BARCUS, J. This cause is presented as an agreed case under the statute. Appellee, a fraternal benefit society, issued a certificate of insurance to appellant Mrs. Mary David in the sum of $1,500. The policy provides that Mrs. David, the holder thereof, is admitted as a member of appellee, and provides that each member—

"agrees to pay all assessments levied by the board of directors of said association as needed, the sum of $1.10 upon the death of any member in this class. * * * Should any member in this class while in good standing lose his or her life by accidental means, the holder hereof agrees to pay $2.20 upon call for same. * * * Should any member in this class while in good standing lose an eye, hand, or foot by accidental means only, the member hereof agrees to pay the sum of 55 cents. Should any member in this class become totally and permanently disabled from accidental means only, prior to attaining the age of sixty-five years, the member agrees to pay $1.10."

Paragraph 7 of the certificate provides:

"Should any member in this class become permanently and totally disabled from accidental means only, said association agrees to pay the member holder of this certificate the sum of $1 received from each member in good standing, not to exceed the sum of $1,500, * * * provided that said total and permanent disability of the member must be due to

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bodily injury or disease occurring after the date hereof."

It is agreed that Mrs. David was totally and permanently disabled, and that same was wholly caused from disease, and that the disease was not caused from any accident or accidental means. The one question to be determined is whether the policy provides for insurance against permanent disability caused by a disease which is not attributed in any way to an accident or to accidental means.

[1-5] The cardinal rule for the construction of all contracts is that they should be given a reasonable construction and construed according to the intent of the parties. Thomson v. Collins (Tex. Civ. App.) 267 S. W. 516. It is sometimes difficult to determine from the contract the real intention of the parties. Where a contract of insurance is capable of two constructions, it will be construed most strongly against the insurance company. Roth v. Travelers' Protective Ass'n, 102 Tex. 241, 115 S. W. 31, 132 Am. St. Rep. 871, 20 Ann. Cas. 97; Daniel v. Modern Woodmen of America, 53 Tex. Civ. App. 570, 118 S. W. 211. The policy of insurance in this case, read in its entirety, is capable, we think, of only one construction; namely, that it is for life insurance and an insurance for injury or disease caused by accidental means only. The policy provides specifically that each member shall pay to the officers of the company a certain amount, if a fellow member is accidentally killed or accidentally loses a hand, eye, or foot, or if "any member becomes totally and permanently disabled from accidental means only." There is no provision in the policy which would require any member in the association to pay any sum 'where a member has become sick or has become totally and permanently disabled by reason of sickness, except when the disability has been caused by accidental means only. If appellant's contention were upheld, the policy would require the company to pay the holder of a certificate insurance for total disability caused by disease when there is no provision requiring the members to pay same to the company. The policy should be construed in its entirety. The provision in paragraph 7 that "said total and permanent disability of the member must be due to bodily injury or disease occurring after the date hereof" must be read in connection with the other provisions of the policy. The policy provides that each member shall only be required to pay for total disability of a fellow member when same is caused by accidental means only. The first portion of paragraph 7 provides that the company will pay to any member who becomes permanently and totally disabled from accidental means only $1 per member. If a member by reason of accidental means contracted a disease which caused him to be permanently and totally disabled,

then each member would be required to pay $1.10 to the company and thereby create a fund from which the company is required to pay the disabled member $1,500. A disease may be contracted from accidental means. Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517.

In this case the parties have agreed that appellant's disease is not the result of any accident and is not caused by any accidental means. This being true, she is not entitled to recover.

The judgment of the trial court is affirmed.