J. E. Bernard & Co., Inc., Appellant, *v.* United Hardware and Tool Corporation, Defendant, Impleaded with Ellis R. Wilner and Another, Respondents.

First Department, May 28, 1937.

*Philip Zierler,* for the appellant.

*Avel B. Silverman,* for the respondents.

Callahan, J.  Plaintiff appeals from a judgment dismissing its complaint as to the individual defendants.  It seeks to recover on a guarantee which is in the form of a letter addressed to plaintiff, reading as follows:

" J. E. Bernard & Co., Inc.,
　　31 Bridge Street,
　　　　　N. Y. C.
　" Gentlemen: Our Hamburg representative the Impex Trading Company, Fritz Hesse — Barkhoff 1, asked us for permission to draw on us for all shipments at 60 days sight in order to unify his financing, etc., and request us at the same time to communicate

with you stating that we guarantee that all the drafts accepted by us and drawn by him will be honored when due.

" It is needless to say that any and all drafts accepted by us and drawn on us by Mr. Hesse will be honored on due date. The owners and members of this firm agree also to be personally responsible for such acceptances.

" Yours very truly,

" UNITED HARDWARE & TOOL CORP.,

" E. R. WILNER, *Pres.*

" AB — EG          " A. BOLLERMAN, *Treas.*"

Plaintiff's complaint, after describing certain drafts, sets forth that, in consideration of the guaranty, and in reliance thereon, plaintiff and a German corporation, known as J. E. Bernard & Co., G. m. b. H., advanced moneys for the account of the defendants and the Impex Trading Company in excess of the amount of the drafts.

These allegations are denied in the answer.

Plaintiff's proof at Trial Term consisted solely of the documents (drafts and the guaranty) and an examination before trial of the corporate defendant. Assuming that the contents of this examination were binding on the individual defendants, it merely established the terms of the drafts, their presentation and non-payment. No proof was introduced to show the circumstances under which the guaranty was given. Plaintiff did not show that it had advanced any moneys or suffered any detriment on the faith of the guaranty. There is nothing to show the relationship of the plaintiff to the German corporation or any of the prior holders of the instruments, nor is there any proof that plaintiff had any interest in the transaction in connection with which the drafts were given. Plaintiff is not a holder in due course of the drafts, but merely an assignee after maturity.

Accordingly, there was no proof to disclose the purpose for which the drafts were given. It was said in construing a similar document, in *First National Bank* v. *Story* (163 App. Div. 279), that the provisions of the guaranty must be interpreted in the light of the purpose of the parties as therein expressed and, therefore, limited to include only such obligations as were obtained in furtherance of or within the natural fulfillment of that purpose.

Here the guaranty was addressed to the plaintiff. It was, therefore, special in nature. (*Evansville National Bank* v. *Kaufmann*, 93 N. Y. 273.) Plaintiff was entitled to enforce it, but it could only be enforced as to debts which it was intended to cover. Here plaintiff is seeking to apply it to drafts with respect to which, in so far as the proof discloses, it was not intended to have any

relation. Though its language is broad, in that it states it is to apply to all drafts drawn by Hesse and accepted by the principal debtor, its general tenor indicates that it was given to establish credit as to transactions that plaintiff had some interest in. Plaintiff is seeking, in effect, to extend to others the benefits afforded him by the defendant's promise. This it may not do. As was said in *Evansville National Bank* v. *Kaufmann (supra)*: " While the letter will be seen to be couched in broad and indefinite terms with respect to the number, amount and character of the drafts referred to, Bingham Bros. alone are addressed. However general may be the description of the subjects guaranteed, the number of persons authorized to accept its terms is not thereby enlarged."

The construction we have placed on the guaranty renders it unnecessary to consider the questions raised as to whether specific drafts complied with the terms of the guaranty.

The judgment so far as appealed from should be affirmed, with costs.

TOWNLEY and DORE, JJ., concur; MARTIN, P. J., and COHN, J., dissent.

MARTIN, P. J. (dissenting). The plaintiff brought this action to recover $43,210.63, the total of forty-five instruments drawn, made or accepted by the corporate defendant, but not paid at maturity. The plaintiff has been awarded judgment against the corporate defendant for the full amount. The individual defendants are sought to be held liable for the payment of twenty-two drafts totaling $37,454.34 upon the following writing signed by them:

" J. E. BERNARD & Co., INC.,
    31 Bridge Street
        N. Y. C.

" GENTLEMEN: Our Hamburg representative the Impex Trading Company, Fritz Hesse — Barkhoff 1, asked us for permission to draw on us for all shipments at 60 days sight in order to unify his financing, etc., and request us at the same time to communicate with you stating that we guarantee that all the drafts accepted by us and drawn by him will be honored when due.

" It is needless to say that any and all drafts accepted by us and drawn on us by Mr. Hesse will be honored on due date. The owners and members of this firm agree also to be personally responsible for such acceptances.

                    " Yours very truly,
            " UNITED HARDWARE & TOOL CORP.
                " E. R. WILNER, *Pres.*
                " A. BOLLERMAN, *Treas.*"

All of the drafts involved in this action were drawn by Hesse, the agent of the corporation in Hamburg, payable either to himself or to J. E. Bernard & Co., G. m. b. H. (a German corporation). Some of the drafts drawn to the order of Hesse were indorsed by him before maturity to the German corporation, and others were presented by Hesse himself at maturity. All of the drafts came into possession of the German corporation, some before maturity and others after maturity. After protest for non-payment, all of the drafts were transferred to the plaintiff. The plaintiff was not a party to any of the drafts sued on before maturity. The defendants point out that the guaranty is not addressed to Hesse or any other payee referred to in the instruments. The defendants say their agreement was, in form, a special guaranty and not assignable, and that under no circumstances can it be contended that the guaranty was of such a nature as to permit the plaintiff to go out into the open market and acquire by assignment all dishonored instruments upon which the defendant corporation was obligated and proceed to sue upon the guaranty.

In *Evansville National Bank* v. *Kaufman* (93 N. Y. 273), Chief Judge RUGER said: " Guaranties are distinguished in the law as being either general or special. Special guaranties being those which operate in favor of the particular persons only to whom they are addressed, while general guaranties are open for acceptance by the public generally. They are sometimes further classified into those limited to a single transaction and those embracing continuous or successive dealings. (*Gates* v. *McKee*, 13 N. Y. 232; *Church* v. *Brown*, 21 id. 329.) * * * The true distinction between general and special guaranties, as contained in letters of credit, is that upon the faith of a general guaranty any person is entitled to advance money, or incur liability, upon complying with its terms, and can recover thereon the same as though specially named therein. (*Union Bank of Louisiana* v. *Coster*, 3 N. Y. 203.) In the case of a special guaranty, however, the liberty of accepting its terms is confined to the persons to whom it is addressed, and no cause of action can arise thereon except by their action in complying with its conditions."

Here the defendants' agreement is to pay any and all drafts of Fritz Hesse drawn upon and accepted by United Hardware and Tool Corporation. It is a general and unconditional agreement. The person in whose favor it was made is here suing to enforce it. There is no limitation in the writing. The defendants urge that the obvious purpose is that Hesse, who had been purchasing material for the corporation, desired to establish a uniform practice for the payment of shipments of merchandise, and it was

planned that he would, for each shipment, draw a draft upon the corporation, payable sixty days after sight, and have the same presented to the plaintiff for discounting purposes. It may well be that that was the intention when the letter was given to the plaintiff, and that plaintiff accepted it with knowledge thereof, but there is nothing in the writing itself to that effect and the defendants offered no proof of any kind on the trial.

The defendants also urge that the instrument contemplates a guaranty of drafts payable sixty days after sight, and that many of the drafts sued on were payable in periods within sixty days. The introductory part of the letter refers to the request of Hesse for permission to draw at sixty days' sight, but the actual guaranty contains no limitation.

The defendants signed the guaranty expressed in broad language without any limitation and the plaintiff has brought itself within the terms and is entitled to judgment.

The judgment so far as appealed from should be reversed, with costs, and judgment in favor of the plaintiff directed against the individual defendants for $61,633.33, with costs.

COHN, J., concurs.

Judgment, so far as appealed from, affirmed, with costs.