TOWN OF SHAWANGUNK, Respondent, v GOLDWIL PROPERTIES CORP. et al., Defendants, and REPUBLIC INSURANCE CO., Appellant.

Third Department, April 6, 1978

## APPEARANCES OF COUNSEL

*Donald Tirschwell* for appellant.

*John A. Lewis* for respondent.

*Jacobi, D'Alesandro & Jacobi* for defendants.

## OPINION OF THE COURT

KANE, J. P.

In May of 1973, the Planning Board of the Town of Shawangunk approved a subdivision for development in accordance with a plan entitled "Map of Mohonk View". Among other items, the plan called for certain site improvements including a sewage and water system, streets and sidewalks. One of the conditions for approval was a requirement that the developers, Goldwil Properties Corp., and the individual defendants, supply a performance bond guaranteeing that the named improvements would be installed (Town Law, § 277, subd 1). Such a bond in the face amount of $242,500 was posted by the defendant, Republic Insurance Co. (Republic), specifying that the instrument would become void if the developers completed the required improvements within two years, but that otherwise it would remain in full force and effect. The developers were unsuccessful and, following the sale and occupancy of a single home, title to the subdivision ultimately passed to a lending institution pursuant to a judgment of foreclosure and sale. In the meantime, other homes had been completed and additional foundations had been constructed, but certificates of occupancy and additional building permits were withheld because the developers were not proceeding in accordance with subdivision approval. In September of 1975, the town declared the bond to be in default and directed the commencement of this action to recover the total sum named therein. In its answer, Republic cross-claimed against its codefendants pursuant to an indemnity agreement, thereby precipitating other demands for relief not related to this appeal, and then moved for partial summary judgment against the town seeking to limit the issue of damages to that portion of the subdivision which had been developed. Special Term denied the motion on the ground it was premature in light of existing disputed factual issues and Republic appeals from its order.

While there are some factual circumstances tending to confuse the jural relationships of the parties, the dispositive issues on this appeal necessitate a proper interpretation of subdivision 1 of section 277 of the Town Law. In applicable parts, it provides as follows: "In approving such plats the planning board shall require * * * that all streets * * * shown on such plats shall be suitably graded and paved and that street signs, sidewalks * * * curbs * * * water mains

*  *  * sanitary sewers and storm drains or combined sewers shall be installed *  *  * or alternatively that a performance bond sufficient to cover the full cost of same as estimated by the planning board *  *  * shall be furnished to the town by the owner *  *  *. *In the event that any required improvements have not been installed as provided in this section within the term of such performance bond the town board may thereupon declare the said performance bond to be in default and collect the sum remaining payable thereunder and upon the receipt of the proceeds thereof the town shall install such improvements as are covered by such performance bond and are commensurate with the extent of building development that has taken place in the subdivision but not exceeding in cost the amount of such proceeds."* (Emphasis supplied.)

Although the statute first directs that the town should collect the proceeds of the bond and install all required improvements, it then seems to restrict expenditures to an amount "commensurate with the extent of building development that has taken place in the subdivision". In our view, these words of limitation were purposely inserted in the statute as a means to assure that subdivision residents would be supplied with necessary services without insisting on the completion of an entire project as a matter of course in every case. By affording the words of the statute their natural and obvious meaning (see *Direen Operating Corp. v State Tax Comm.*, 46 AD2d 191; McKinney's Cons Laws of NY, Book 1, Statutes, § 94), the language would call for the payment of the face amount of the bond to the town so that it could complete improvements reasonably justified by that part of the subdivision which had been developed followed by a refund of any amount not needed to complete that portion of the work. Such an interpretation is also consistent with the terms of the bond which contained no words of limitation in guaranteeing the construction of "(a) storm sewers and drainage; (b) water system and mains, well, pump, pumphouse storage; (c) streets including sidewalks and curbs." The precise extent to which such construction must proceed depends upon the circumstances of the individual case, for the issue is not so narrow as Republic would have it, and here the matter becomes factually difficult since the developer's original plan cannot be put into effect owing to a zoning change and expiration of the three-year period of exemption therefrom (see Town Law, § 265-a). However, it is plain that the relief sought herein is not only

premature, but numerous factual issues are manifest that warrant the denial of any motion for summary judgment.

The order should be affirmed, without costs.

STALEY, JR., MAIN, LARKIN and HERLIHY, JJ., concur.

Order affirmed, without costs.