■ WILLIAM H. TEHAN et al., Respondents, v VIRGINIA R. TEHAN, Appellant. — In an action to recover chattels and damages for conversion, defendant Virgina R. Tehan appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), dated June 4, 1982, which granted plaintiffs' motion for a default judgment and denied defendant's cross motion to compel plaintiffs to accept her late answer to the complaint. Order reversed, on the law, without costs or disbursements, plaintiffs' motion denied and defendant's cross motion granted on condition that defendant pays $1,000 to plaintiffs and serves her answer; defendant's time to comply with the conditions is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. If the conditions are not complied with, then order affirmed, with costs. This replevin-conversion action was preceded by a divorce action between the same parties which is still pending. At the time of the commencement of the replevin-conversion action, plaintiffs moved for return of the chattels, pending outcome of the action. In her response to the motion, defendant claimed that the chattels were marital property and subject to equitable distribution. By order dated February 4, 1982, Special Term directed return of the chattels to the plaintiffs and prohibited removal from the State or sale of the assets "pending the divorce proceedings or further Order of this Court" on condition that plaintiffs file a bond. The bond was never filed, defendant failed to answer the underlying complaint and plaintiffs then moved for a default judgment. Defendant cross-moved to compel plaintiffs to accept her late answer and submitted a personal affidavit of merit. Special Term granted the motion for a default judgment and denied the cross motion. On the totality of the circumstances, we exercise our discretion to vacate the default in answering the complaint on condition that the defendant pays costs in the sum of $1,000 to the plaintiffs. While we welcome the recent amendments to the CPLR restoring the court's power to exercise its discretion to excuse defaults occasioned by law office failure (see CPLR 2005, 3012, subd [d]; L 1983, ch 318), we do not view those amendments as suggesting that there is no need to comply with the time requirements of the CPLR. Accordingly, we have imposed an appropriate sanction as a condition of the relief accorded the defendant. (See *Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837; *Mineroff v Macy's & Co.,* 97 AD2d 535.) Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.

■ TOWN OF WAPPINGER, Appellant-Respondent, v REPUBLIC INSURANCE COMPANY, Respondent-Appellant, et al., Defendant. — In an action brought to obtain payment of a performance bond issued pursuant to section 277 of the Town Law, plaintiff and Republic Insurance Co. cross-appeal from an amended judgment of the Supreme Court, Dutchess County (Gurahian, J.), dated May 17, 1982, which awarded plaintiff judgment against Republic Insurance Company in the principal sum of $32,000. Amended judgment modified, on the law, by adding a provision that plaintiff is to refund to Republic Insurance Company any amount not needed to complete the bonded work. As so modified, amended judgment affirmed, without costs or disbursements. (See Town Law, § 277, subd 1; *Town of Shawangunk v Goldwil Props. Corp.* 61 AD2d 693.) Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.