■ TOWN OF SOUTHEAST, Respondent, v SEABOARD SURETY COMPANY et al., Respondents, and PECKHAM MATERIALS CORPORATION, Intervenor-Appellant. [616 NYS2d 812] —In an action to recover the proceeds of a bond, the intervenor Peckham Materials Corp. appeals from an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), dated November 25, 1992, which granted motions by the plaintiff Town of Southeast and the defendants Seaboard Surety Company and Horizon Construction Corp. for summary judgment dismissing its counterclaim and cross claim, respectively, and denied its motion for summary judgment in its favor.

Ordered that the order and judgment is affirmed, with costs to the plaintiff-respondent.

The performance bond issued by the defendant Seaboard Surety Company was issued to protect the plaintiff Town of Southeast in the event that the defendant Horizon Construction Corp. failed to complete certain site improvements in the Bailey Manor subdivision. Because there is no evidence of intent to benefit third parties, the appellant, as an unpaid subcontractor, has no right to recover from the bond proceeds as an intended third-party beneficiary *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43-44; *Scales-Douwes Corp. v Paulaura Realty Corp.,* 24 NY2d 724, 726; *Fosmire v National Sur. Co.,* 229 NY 44; *HNC Realty Co. v Bay View Towers Apts.,* 64 AD2d 417, 424). The Supreme Court therefore properly dismissed the appellant's cross claim. To the extent that our decision may be inconsistent with a prior order of the Supreme Court (Dickinson, J.), which granted Peckham Materials Corporation intervenor status, we note only that we are not bound by the law of the case *(see, Detko v McDonald's Rests.,* 198 AD2d 208, 209).

As to the appellant's counterclaim against the Town for unjust enrichment, the Supreme Court correctly concluded that the order of the Supreme Court (Dickinson, J.), granting the appellant leave to intervene, granted the appellant the right to seek a declaratory judgment in this case, but denied the appellant leave to intervene to assert additional claims, such as a counterclaim sounding in unjust enrichment. Moreover, the Town is required by law to use the bond proceeds to complete the improvements in question, and to refund to the surety any amount not needed to complete the bonded work (see, Town Law § 277 [9] [e]; *Town of Wappinger v Republic Ins. Co.*, 97 AD2d 840; *Town of Shawangunk v Goldwil Props. Corp.*, 61 AD2d 693, 695). We therefore find no basis for the counterclaim sounding in unjust enrichment. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.