Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 5, 2007. The or *1237 der granted the motion of defendant to dismiss the complaint and denied plaintiffs cross motion for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was injured in a motor vehicle accident and obtained a judgment of $1.3 million against Consolidated Freightways Corporation of Delaware (CFC). At the time of the accident, CFC was insured under a commercial lines automobile insurance policy issued by Reliance National Indemnity Company (Reliance). That policy included a $3 million deductible per accident. CFC and Reliance entered into a deductible reimbursement agreement (Agreement) providing that CFC would reimburse Reliance for any payments made by Reliance within the deductible amount, and requiring CFC to provide security for its reimbursement obligation. To fulfill that requirement, CFC obtained a deductible reimbursement security bond (Bond) from defendant.
At the time plaintiff obtained her judgment against CFC in the amount of $1.3 million, CFC and Reliance were insolvent, and plaintiff filed claims in CFC’s bankruptcy proceeding and Reliance’s liquidation proceeding. Plaintiff thereafter commenced this action seeking, inter alia, a determination that defendant has an obligation under the Bond to satisfy the judgment obtained in the personal injury action and awarding plaintiff the amount of that judgment. Supreme Court properly granted defendant’s motion to dismiss the complaint for failure to state a cause of action and denied plaintiffs cross motion for summary judgment.
“[Sjurety bonds, like all contracts, are to be fairly construed so as to effectuate the intent of the parties as it has been expressed in the terms of the contract” (First Natl. Bank of Waterloo v Story, 163 App Div 279, 282 [1914], affd 222 NY 562 [1917]). Here, the Bond expressly states that “[n]o right of action shall accrue to other than the named Obligee [in this case, Reliance] and its successors and assigns,” and nothing in the Bond or Agreement indicates an intent to benefit third parties such as plaintiff (see BIB Constr. Co. v Fireman’s Ins. Co. of Newark, N.J., 214 AD2d 521, 524 [1995]; Town of Southeast v Seaboard Sur. Co., 208 AD2d 520 [1994], appeal dismissed 87 NY2d 860 [1995]). Contrary to the contentions of plaintiff, moreover, neither the Motor Vehicle Financial Security Act (Vehicle and Traffic Law art 6), Insurance Law § 3420 nor public policy considerations mandate a right of action in her favor to recover under the Bond. Finally, we reject plaintiffs contention that defendant’s motion should have been denied as premature. *1238 “[P]laintiff has not established that additional discovery would disclose facts ‘essential to justify opposition’ to defendant’s motion” (Bouley v Bouley, 19 AD3d 1049, 1051 [2005], quoting CPLR 3211 [d]). Present — Centra, J.P., Fahey, Green and Gorski, JJ.